**VIBROPLEX CO., Inc., v. J. H. BUNNELL & CO.**

(Circuit Court of Appeals, Second Circuit. January 17, 1927.)

No. 154.

1. **Patents** ☞328—1,042,457, claims 4 and 5, for telegraphic sending machine, held not infringed.

Martin patent, No. 1,042,457, claims 4 and 5, for telegraphic sending apparatus, with vibrator for making dots and dashes, *held* not infringed.

2. **Patents** ☞246—Device does not infringe combination patent, if it omits element of combination.

A patent for combination is not infringed by a device which omits an element of the combination.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Vibroplex Company, Inc., against J. H. Bunnell & Co., for the infringement of the Martin patent, No. 1,042,457, claims 4 and 5, for a telegraphic sending machine. From a decree dismissing the suit, plaintiff appeals. Affirmed.

Murray Corrington, of New York City, for appellant.

Philip Farnsworth, of New York City, for appellee.

Before MANTON and HAND, Circuit Judges, and CAMPBELL, District Judge.

CAMPBELL, District Judge. The patent in suit is for a telegraphic sending apparatus, and has a one-piece lever which swings on a spindle or shaft intermediate its ends, with a handle at one end and a free vibrator for making dots and dashes connected directly to its other end.

[1] On the opposite sides of the spindle or shaft two springs, 7 and 8, are arranged for returning the key to normal. Adjustable stops, 15 and 16, on the right and left sides of the key, near the end to which the vibrator is attached, may be used for limiting the movement of the key.

A flat spring, 17, is securely fastened by one end to the key and by its other end to a bar or shaft, 18, on which is mounted spring 20, and the shaft may carry a movable weight.

The operator, by moving the key end of the lever quickly to the right, brings the other end against stop 16, slightly compressing spring 7, and causing to vibrate, upon spring 17, shaft 18 and all of the parts connected therewith, and with each vibration to make and break an electrical circuit, through spring 20 and point 21, the successive makes and breaks representing the dots of an ordinary telegraphic message.

The required number of dots may be made by one movement of the lever, and the release of pressure by the operator permits spring 7 to return the lever to its normal position.

The operator, by moving the key end of the lever to the left, brings the other end against the stop 15, compressing spring 8 and putting spring 17 under tension. This causes shaft 18 to move in the opposite direction, and brings the spring 20 thereon into contact with point 22, and makes the electric circuit which makes a dash; but one dash being made by one movement of the key. The release of pressure by the operator permits spring 8 to return the lever to its normal position.

Claim 4 is for the combination in an electric telegraphic apparatus of an operator's key, moving in two directions, a free vibrator, whose movements are controlled by said key, a spring forming a direct connection between said key and vibrator and on which the latter oscillates, and two springs carried by said key for returning the same to its normal position, and so arranged that the tension of the other is unaffected, and vice versa, according as said key is moved in one direction or the other.

Claim 5 is for the combination in a telegraphic transmitter of a free vibrator, adapted to make and break an electrical circuit for producing both the dots and dashes of a telegraphic message, a key lever for controlling the operation of said vibrator, and a spring forming a direct connection between the key lever and vibrator, and on which said vibrator oscillates.

Claim 5 requires that both dots and dashes shall be made by the vibrator, and in plaintiff's combination the contact for the dashes and the contact for the dots are placed side by side on the vibrator.

In the defendant's alleged infringing device this is not done. The dot contacts are made by the defendant's vibrator, but even if defendant's spring 17 be considered as a part of the vibrator, which it is not, the operating arm or lever 14 cannot be so considered, and it is with that lever the defendant makes the dash contacts, in which respect it follows the earlier Martin patent, No. 842,154, which has expired.

Noninfringement of claim 4, however, is

not so clearly apparent. Plaintiff's combination shows three springs, *17*, forming a direct connection between the key and the vibrator on which the vibrator oscillates, and *7* and *8* carried by the key, which have as their sole function to return the key to its normal position.

Notwithstanding the fact that plaintiff now contends that the movement of the key to the left in making dashes puts spring *17* under tension, which on release of pressure by the operator will return the key from the dash contact, the patentee evidently believed the two springs, *7* and *8*, of value and claimed them.

No question of the meaning of the claim would arise, were it not for the last sentence of the specifications which says: "Stop *15* may be omitted and also spring *8*, as the movement of key *3* to the left puts spring *17* under sufficient tension to return the key to normal position."

Plaintiff contends that by that statement the patentee taught that either stop *15* or spring *8* might be omitted, and that by omitting spring *8* infringement was not prevented. That does not seem to be its meaning, because stop *15* is used to limit the movement of the key, and nowhere in the patent does the patentee say that the spring *17*, if flexed only as far as stop *15* allowed, would return the key to normal; on the contrary, the specifications say, "The operator releases the pressure thereon and permits spring *8* to return it to normal position"; therefore, whatever the patentee may have supposed spring *17*, without spring *8*, was capable of accomplishing in returning the vibrator from contact, he did not say it in his patent, but only what spring *17* would accomplish without spring *8*, if stop *15* and spring *8* were omitted.

However the last sentence of the specifications may be construed, the patentee claimed three springs. Plaintiff attempts to show that, with stop *15* retained and spring *8* omitted, the combination of the patent has three springs, by ascribing to the spring *17* the double function of the spring on which the vibrator oscillates and of one of the two springs carried by the key for returning the same.

This does not appear to be the meaning of the claim, because, if the plaintiff's contention is correct, then, if spring *8* was not omitted, there would be three springs, *17*, *7*, and *8*, and not two springs carried by the key for returning the same as spring *17*, under those conditions, would also be performing the double function which plaintiff claims it performs when spring *8* is omitted and the stop *15* retained.

The patentee did not claim a combination with two springs, but what he claimed was a combination with three springs, and he must be presumed to have considered that an improvement upon a combination with two springs, which he abandoned to the public.

The making of a number of dots by one movement of the key lever was old in the art, as is shown by the prior Martin patent, No. 842,154, and whether there was invention in making the old two-piece key into a one-piece key need not be decided, as the one-piece key was not new, as that was shown in the prior patent to Perry, No. 1,-012,906, though the arrangement was different. The art was enormously extended, the patent is only for an improvement with a very limited range of equivalents, and the plaintiff is entitled to a patent only for the specific improvement invented by the patentee.

[2] The defendant has omitted the spring *8* and retained the stop. The defendant cannot be held to be an infringer, as it has omitted an element of the combination claimed by the plaintiff. Water-Meter Co. v. Desper, 101 U. S. 332, 335, 25 L. Ed. 1024.

Plaintiff contends that its device is a one-circuit device, and defendant claims that its device is a two-circuit device, but that is immaterial as the circuit used in the defendant's device is the same as the circuit disclosed in the prior patent to Martin, No. 842,-154, which has expired.

The question of invalidity raised by the defendant on the argument before this court, but which does not appear to have been urged in the court below, requires no extended consideration, and validity may be assumed in view of the opinion of this court that the defendant has not infringed.

The decree is affirmed.