## HARRIS v. LADD.*

Circuit Court of Appeals, Eighth Circuit. September 9, 1929.

No. 8436.

*Rehearing denied November 21, 1929.

Lynn A. Williams, of Chicago, Ill. (Thomas H. Sheridan, of Chicago, Ill., on the brief), for appellant.

Ralph Orwig, of Des Moines, Iowa, for appellee.

Before BOOTH, Circuit Judge, and SANBORN, District Judge.

BOOTH, Circuit Judge. This is a patent suit in the usual form by James B. Ladd against Thomas Harris, involving patent No. 1,625,213, issued to Robert S. Kirkpatrick (assignor to J. B. Ladd), April 19, 1927, application filed October 6, 1922, covering a "caster centering and retaining device." The defenses were anticipation, lack of patentable novelty, and noninfringement. The court below found the patent valid, and that claims 3, 4, and 5 thereof were infringed by defendant's accused device.

■ The patent is for a caster including a permanent combination of elements. Claim 3, which may be taken as typical, reads as follows: "A caster for tubular legs including the permanent combination of a leg supporting plate having a central aperture, a pintle extending through and slidably supported in said aperture and limited in one direction of said sliding movement by engagement with the plate and spring frame means permanently connected to the plate and comprising a substantially inverted U-shaped spring having its ends anchored to said plate adjacent the engagement thereof with the tubular leg and diametrically positioned with respect to each other and the pintle for forming a relatively clear chamber of substantially the area of the tubular leg into which said pintle extends, the mid-portion of said spring frame being formed to provide a top bearing for the end of said pintle and limiting sliding movement of said pintle with respect to said plate in the opposite direction and for simultaneously laterally confining said pintle in said clear chamber:" The elements of the permanent combination are: (a) A leg supporting plate with an aperture; (b) a pintle extending through the aperture, slidably supported in it, and limited in one direction of said sliding movement by engagement with the plate (in the case at bar by means of lugs); (c) a spring frame means permanently connected to the plate, comprising an inverted U-shaped spring; having its ends anchored to said plate in a specified position; forming a relatively clear chamber of substantially the area of the tubular leg; the mid-portion of the spring frame formed to provide a top bearing for the end of the pintle, limiting the movement of the pintle.

The accompanying cuts illustrate the device of the patent in suit:

CUP BEARING FOR TOP OF PINTLE

U-SHAPED SPRING

LEG SUPPORTING PLATE

LUGS FOR ENGAGING LEG SUPPORTING PLATE TO PREVENT PINTLE FROM FALLING OUT

PINTLE

■ The patent being for a combination, and no claim being made for a patent on any one of the elements, it is conclusively presumed either that they were old in the art or not patentable. Richards v. Chase Elevator Co., 159 U. S. 477, 486, 16 S. Ct. 53, 40 L. Ed. 225; City of St. Louis v. Prendergast, 29 F. (2d) 188 (C. C. A. 8).

It is contended by appellant that plaintiff's patent for a combination is invalid, since in the crowded prior art relative to casters several devices are found with the same three elements, namely, the supporting plate, the pintle, the spring frame means connected to the plate. The English patent to Phillips and Bagley (No. 11,965 application May 26, 1904) is one example. It had all three of the elements mentioned, and the spring frame had a socket at the top for the upper end of the pintle.

The Phillips patent and the plaintiff's patent differ, however, in several respects; and especially in this, that the combination of plaintiff's patent was a permanent combination. The combination of Phillips patent

was not a permanent combination. The pintle in the Phillips patent was detachable, being held by a spring only. It is possible that this difference was sufficient to differentiate plaintiff's patent; and of course the issuance of the patent raises a presumption of its validity. It should be noted, however, that the Phillips patent was not cited by the Patent Office during the pendency of the application for plaintiff's patent.

Conceding, therefore, but without deciding, that plaintiff's patent was valid, and taking up the question of infringement, it is found that the defendant's device has the three elements, the supporting plate, the pintle, and the spring frame means connected to the plate; but the combination of the three elements is not a permanent combination. The pintle is readily detachable; it being held in place by means of a split ring, forming a spring. See accompanying cuts illustrating defendant's accused device:

DEFENDANTS U-SHAPED SPRING FRAME
CUP BEARING FOR PINTLE
ENGAGES INTERIOR OF TUBULAR LEG
LEG SUPPORTING PLATE
LIMITED AGAINST INWARD MOVEMENT BY LEG SUPPORTING PLATE.

DEFENDANTS PINTLE AND RING FOR PREVENTING PINTLE FROM FALLING OUT OF LEG

SPRING RING
PINTLE
SPRING RING FIRMLY GRIPPED TO PINTLE

The question then arises: What was meant by the use of the words "permanent combination" in plaintiff's patent, and was this an essential feature of the patent?

It is well established that all words in the claim of a patent must be given effect if possible, and cannot be disregarded. If plaintiff has seen fit to make use of a limiting phrase, he must be bound by it. In Automatic Appliance Co. v. McNiece Motor Co., 20 F.(2d) 578, 581, this court said: " * * * When an inventor in a crowded art has used limitative language in setting forth his claim, such language should not be rejected as surplusage, but should be considered as narrowing the patent," citing numerous cases. See also Knick v. Bowes, etc. Corp., 25 F.(2d) 442 (C. C. A. 8).

The natural meaning of the words "permanent combination" is that the three elements were put together to stay and to form a unitary structure—one that was not intended to be taken apart. This result was accomplished by means of the lugs on the pintle. That this meaning of the words "permanent combination" was the one in the mind of the patent examiner is shown by the discussion in connection with the application (No. 639,753) for the Noelting patent (No. 1,622,734, March 29, 1927), and also in the interference matter between plaintiff's application and the Noelting application. And it is to be noted that the words "permanent combination" were not in plaintiff's original claims, but were inserted after the claims had been once rejected by the patent examiner on reference to the Schenck patent (No. 895,504, August 11, 1908), which did not have a permanent combination.

Furthermore, it appears from the evidence that casters which had nondetachable pintles were well known in the prior art, and also casters whose pintles were easily and quickly detachable. The Greene patent (No. 1,150,359, August 17, 1915) disclosed an example of the former kind; the Phillips patent, above mentioned, disclosed an example of the latter kind.

In view of this history of plaintiff's patent, and of this state of the prior art, our conclusion is that the words "permanent combination" in the patent in suit were adopted by plaintiff deliberately and with the intention that they should have the meaning above given.

Defendant's combination as shown in the accused device is not a permanent combination. The pintle is readily detached from the spring frame. Whether this type of caster is superior or inferior to plaintiff's is immaterial. It is certain that the two

types differ in a very essential particular; and not only in a particular specially mentioned in the claims of plaintiff's patent, but in a particular that is vital to the validity of the claims. There are also minor differences between defendant's device and the device disclosed by plaintiff's patent; for example, defendant's device can hardly be said to have a clear chamber around the pintle of the character specified in plaintiff's patent.

It thus appears that the elements in defendant's combination are not the same nor the equivalents of the elements in plaintiff's combination; and it is well established that where one of the elements of a patented combination is wanting in the accused device there is no infringement.

Our conclusion is that even conceding the validity of plaintiff's patent, the accused device of defendant does not infringe. The decree below, in so far as it adjudges that the defendant's device is an infringement of plaintiff's patent, should be modified, so as to adjudge that defendant's accused device does not infringe.

As so modified, the decree is affirmed.