## VAN WORMER v. CHAMPION PAPER & FIBRE CO.

### No. 1004.

District Court, S. D. Ohio, W. D.

Jan. 6, 1941.

Walter F. Murray (of Murray, Sackhoff & Paddack), of Cincinnati, Ohio, for plaintiff.

Marston Allen (of Allen & Allen), of Cincinnati, Ohio, for defendant.

NEVIN, District Judge.

This is a suit under the patent laws of the United States. The pleadings consist of plaintiff's amended bill of complaint filed March 17, 1937, and defendant's answer thereto filed April 30, 1937, as amended January 12, 1938.

The patent in suit (Exhibit 10—Rec. p. 68) is No. 1,947,748, granted February 20, 1934, to George Van Wormer, Hamilton, Ohio, plaintiff herein, for a "Paper Cleaning Machine."

In his amended bill, plaintiff charges defendant with infringement and prays for an injunction and an accounting. In its answer, defendant denies infringement and claims that the patent is invalid for the reasons set forth in its answer, as amended.

On February 23, 1939, defendant filed a "Motion for Summary Judgment in favor of defendant." On August 14, 1939, this court overruled that motion. Van Wormer v. Champion Paper & Fibre Co., D.C., 28 F.Supp. 813.

The cause came on for hearing on the merits on February 23, 1940. Subsequently briefs were filed on behalf of the respective parties.

The patent contains three claims, numbered 1 to 3, respectively. Of these, only claim 1—as to part of which a disclaimer was filed—is here in issue. As to this, the record (p. 1) shows:

"Mr. Murray (counsel for plaintiff): * * The claim that we are relying upon, Your Honor, is claim 1, to which a disclaimer was filed on September 23, 1938.

"The Court: Is claim 1 the only claim in issue? * * *

"Mr. Murray: Yes, sir."

The claim in issue reads as follows: "1. A paper cleaning machine comprising a casing, means to move thin paper web into, across and out of the casing including substantially continuous paper supporting means above and below the path of the paper in the casing, paper brushing devices therein arranged and including exceedingly attenuated and flexible paper surface engaging members to engage a moving sheet in the casing, means to exhaust air from the casing, and air inlet means to admit air to the casing in such location that an air current will be formed across the surface of paper moving through the machine, whereby the air current will entrain the detritus without passing through the web materially."

On September 26, 1938 (Official Gazette October 18, 1938), plaintiff filed a "Disclaimer" reading (so far as pertinent) as follows: "1,947,748.—George Van Wormer, Hamilton, Ohio. * * * Hereby enters this disclaimer to the part of claim 1 * * that relates to the paper brushing devices arranged to engage a moving sheet, except where the brushes are made of a fairly heavy hog bristle and are arranged to rotate in the direction in which the sheet is moving * * *."

### Infringement.

Defendant built and used two machines, which plaintiff contends are infringements of claim 1 of the patent in suit. One of

these machines is referred to as the "delinting machine" and the other as the "brush-finish machine."

Of the delinting machine there are in evidence two drawings, to-wit: Plaintiff's Exhibit 2 (Rec. p. 48), a blue-print, and Defendant's Exhibit 105 (Rec. p. 162), Chart of Champion Delinting Machine. Of defendant's brushing machine or so-called brush-finish machine, there are two drawings in evidence, to-wit: Plaintiff's Exhibit 3 (Rec. p. 48), entitled "The Champion Coated Paper Co. Hamilton, Ohio, U. S. A. Engineering Dept. Assembly of Brushing Machine * * * Aug. 2, 1931 1384 A", and Defendant's Exhibit 106 (Rec. p. 162), entitled "Chart, Champion Brush Finish Machine."

As to the delinting machine, plaintiff contends that "defendant's delinting machine performed the same function that was performed by the Van Wormer machine, namely, that of removing the lint that was left on the surface of plater finished paper by the cloths used in imparting the finish thereto, and that defendant's machine removed the lint from the paper by the same means employed in the Van Wormer machine, viz; brushes with hog bristles and rotating in the direction of the travel of the paper, and that the detritus that was picked off of the paper by the brushes was removed from the housing by means of currents of air which passed across the surface of the paper. The defendant's machine therefore has the main invention claimed in claim 1 of Van Wormer as modified by his disclaimer"; "* * * that defendant by placing the rotary brushes more closely together, makes the brushes perform both the function of guiding the paper through the housing and of brushing it," and that plaintiff "is not restricted to the precise form of construction shown in the patent drawings, especially since that particular form is not essential to or embodied in the principle of the invention claimed. Johns-Manville Corp. v. National Tank Seal Co., 10 Cir., 49 F.2d 142, 145."

Plaintiff states that his contention "that it would not avoid infringement to position the rotating brushes closer together so that they would perform both the function of supporting the paper and of brushing it, is based upon decisions by the Circuit Court of Appeals of this Circuit in the following cases: Bundy Mfg. Co. v. Detroit [Time-Register Co., 6 Cir.], 94 F. 524 [Standard] Caster [& Wheel] Co. v. Caster [Socket] Co. [6 Cir.] 113 F. 162–168; Eames v. Worcester Polytechnic Institute [6 Cir.] 123 F. 67–72; National Tube Co. v. Aiken [6 Cir.] 163 F. 254–260; Herman v. Youngstown Car Mfg. Co. [6 Cir.] 191 F. 579–586; Gould [& Eberhardt] v. Cincinnati Shaper Co. [6 Cir.] 194 F. 680–686", and plaintiff asserts that "defendant's delinting machine is an infringement of claim 1 of the Van Wormer patent."

As to the brush-finish machine, plaintiff contends that the proof shows that "defendant's machine illustrated in Defendant's Chart, Exhibit 106, is the same kind of machine, and that it is used for the same purpose as the paper cleaning machine of the Van Wormer patent, and that it performs the cleaning operation by substantially the same means described and claimed by Van Wormer, namely, 'The machine is of special use to printers in preparing fine stock for use in presses on fine work, * * * to avoid flaws in the work such as white spots due to particles becoming interposed between paper and type'. (Van Wormer Patent, page 1, lines 5 through 10). It is submitted that claim 1 read as counsel agrees it should be read with the disclaimer, (Rec. p. 11) reads upon defendant's machine, (Chart, Exhibit 106), viz; 'A paper cleaning machine comprising a casing, means to move thin paper web into, across and out of the casing including substantially continuous paper supporting means above and below the path of the paper in the casing,' roll C; 'paper brushing devices therein arranged to rotate in the direction in which the sheet is moving and including exceedingly attenuated and flexible paper surface engaging members made of a fairly heavy hog bristle to engage a moving sheet in the casing,' brushes E; 'means to exhaust air from the casing,' exhaust fans not shown on Chart 106, but connected to the holes H and L, (Knapp Deposition, page 18), blue-print 1384 A, and 'air inlet means to admit air to the casing in such location that an air current will be formed across the surface of paper moving through the machine, whereby the air current will entrain the detritus without passing through the web materially.' "; and plaintiff asserts that "claim 1 as modified by the disclaimer is infringed by defendant's machine shown in the blue-print 1384 A, and by the Chart, Defendant's Exhibit 106."

In reply to the contentions of plaintiff, defendant says:

"Infringement is charged against two different individual machines,—one delinting machine (Defendant's Exhibit 105 and Plaintiff's Exhibit 2), and one brush finishing machine (Defendant's Exhibit 106 and Plaintiff's Exhibit 3). Defendant's delinting machine was built in 1933 and was dismantled about April 1939. Defendant's brush finishing machine was built in 1931 and was dismantled in 1939. (Rec. page 191).

"The Van Wormer patent was issued Feb. 20, 1934. There can therefore be no infringement in making or selling either of these machines. The only possible infringement would lie in the use of the machine", and defendant asserts that "the plain meaning of the claim in suit is such that neither the Brush Finishing nor the Paper Cleaning machine of defendant infringes upon it. Further the very elements of the claim which distinguish the claimed combination over defendant's machines were those inserted in the claim for the purpose of persuading the Patent Office to grant it."

█ The court is of opinion that defendant is right in its contention that neither the delinting nor the brush finish machine of defendant infringes plaintiff's patent in suit.

As to the delinting machine: The record does not support the claim of plaintiff that defendant's delinting machine was copied from the Van Wormer patent.

Exhibit 102 presents a comparison of the elements of claim 1 of the patent in suit with defendant's machines. Defendant's delinting machine did not have the following elements required by the patent claim: 2–B means to move web across the casing. 3 Including substantially continuous paper supporting means. 3–A Above paper. 3–B Below paper. 5 Including exceedingly attenuated and flexible paper surface engaging members. 7 Air inlet means. 7–A Located to form air current across web.

Exhibit 101 shows a drawing accurately made (Rec. p. 253) to scale from the photostatic copy of the drawing found in the certified copy of the file wrapper of the Van Wormer patent, in which the various elements of the patent claim are shown in distinctive colors. The elements here shown which are absent in defendant's delinting machine are as follows: (1) Rolls 2B (shown in red) embodying the means to move the web across the casing. (2) The substantially continuous paper supporting means above (3A) and below (3B) the paper shown in red and yellow and variously referred to as "endless strands of cat gut" (patent line 4 page 2), tapes or strings (Rec. p. 86), and wire (Rec. p. 88). (3) The jets of compressed air and inlet ports shown in green as 7A, representing the "air inlet means located to form air currents across web."

The claim in issue calls for "air inlet means to admit air to the casing in such location that an air current will be formed across the surface of paper moving through the machine." Neither defendant's delinting machine nor brush finish machine has elements corresponding to this requirement.

There is nothing in either of defendant's machines corresponding to the air inlet port 66 or the air jets 80. (See patent in suit, page 2, line 129 et seq., page 3, line 29, and Figs. 3, 4 and 5.)

As to the brush finish machine: Exhibit 102 in column 3 shows an analysis of claim 1 of the patent in suit, and in the 5th column shows the corresponding elements in the Champion brush finish machine. The Champion machine did not have the following elements required by the patent claim: 2–A Means to move web into casing. 2–B Means to move web across casing. 3 Including substantially continuous paper supporting means. 3–A Above paper. 3–B Below paper. 5 Including exceedingly attenuated flexible paper engaging members. 7 Air inlet means. 7–A Located to form air currents across the web.

The Champion brush finish machine treats paper in the form of a continuous web. The tension exerted by the winding reel 2–C (Exhibit 106) pulls the paper through the housing from the unwinding roll. This eliminates the need for any means to move the web into the casing or across the casing. The paper passes around large guide rolls which control the direction of the paper, and each side of the paper may be brought in greater or less contact with each of the brushes by adjustment of the 16 small rolls.

The guide rolls inside the casing are not in any sense continuous supporting members. If the paper web should break, it would not go further through the machine for lack of support. There are no strings

tapes or wires either above or below the paper as is required by the patent in suit.

The Champion machine does not have the air inlet means required by the patent. The machine was about 14 feet high. There was sufficient room for a man to walk around the sides. The housing in which it was encased was in fact a small room. Pieces of felt and an air jet located outside the housing were used to remove bristles which became dislodged from the brushes. (Rec. p. 184.)

As stated, the court concludes from all the evidence, including the foregoing, that neither the delinting machine nor the brush finish machine of defendant infringed plaintiff's claim. Neither machine had the necessary elements required. The brush finish machine effected an entirely different result. Where, as here, a patent claims mechanical powers in combination there is no infringement unless all the parts have been substantially used. Eames v. Godfrey, 68 U.S. 78, 79, 1 Wall. 78, 79, 17 L.Ed. 547; Gage v. Herring, 107 U.S. 640, 647, 648, 2 S.Ct. 819, 27 L.Ed. 601; Portland Gold Mining Co. v. Hermann, 8 Cir., 160 F. 91.

The elements in defendant's combination are not the same nor the equivalents of the elements in plaintiff's combination; "and it is well established that where one of the elements of a patented combination is wanting in the accused device there is no infringement." Harris v. Ladd, 8 Cir., 34 F.2d 761, 764.

### Validity.

Having determined that defendant's machines did not infringe claim 1 of the patent in suit, it is unnecessary for the court to, and it does not, pass upon the question of validity for "even conceding the validity of plaintiff's patent, the accused device of defendant does not infringe." Harris v. Ladd, supra; Electrical Fittings Corp. v. Thomas Co., 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263; Vibroplex Co. v. J. H. Bunnell & Co., 2 Cir., 16 F.2d 975, 976; Heimlich v. Model Brassiere Co., D. C., 28 F.2d 541, 542.

Upon consideration of the entire record, the briefs and arguments of counsel, and the applicable law, the court has arrived at the following:

### Findings of Fact.

1. Plaintiff, George Van Wormer, a citizen of the United States, is the owner of United States Letters Patent No, 1,947,748 to the extent which gives him the right to bring suit for infringement thereof.

2. Defendant, the Champion Paper & Fibre Company, is a corporation organized under the laws of the State of Ohio, and has its principal place of business at Hamilton, Ohio.

3. The patent in suit is for a paper cleaning device and not for a paper polishing machine.

4. Defendant's brush finish machine is structurally different from the machine defined by the patent claim in issue, is for a different purpose, and performs a different function.

5. The record in the Patent Office shows that the patent in suit was granted only after the claim in issue was limited to include means for substantially continuously supporting the paper above and below in the cleaning housing.

6. Neither of defendant's machines has means for substantially continuously supporting the paper above and below in its travel through the casing as called for by the claim here in issue.

7. Previously to the limitation of the claim in issue, noted in finding 5, plaintiff amended his original claim which later became claim 1 in suit, by calling for air inlet means to admit air to the casing in such location that an air current will be formed across the surface of the paper moving through the machine. This element as called for by the claim in issue is absent from the two machines of the defendant.

8. The alleged infringing machines of defendant have been dismantled. Practices later developed by defendant made their further use unnecessary.

### Conclusions of Law.

1. Claim 1, here in issue, as granted by the Patent Office, or as modified by the disclaimer, is not infringed by either of defendant's machines, because both machines are lacking in elements of the claimed combination.

2. It is unnecessary for the court to, and it does not, pass upon the question of the validity of the patent in suit as it concerns claim 1 thereof here in issue.

3. The bill of complaint should be dismissed at plaintiff's costs, as prayed for by defendant in its answer.

Counsel may prepare and submit a decree accordingly.