## VAN WORMER v. CHAMPION PAPER & FIBRE CO.

### No. 9051.

Circuit Court of Appeals, Sixth Circuit.

June 29, 1942.

Walter F. Murray, of Cincinnati, Ohio (Murray, Sackhoff & Paddack and Walter F. Murray, all of Cincinnati, on the brief), for appellant.

Marston Allen, of Cincinnati, Ohio (Allen & Allen and Marston Allen, all of Cincinnati, on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a decree which held Claim 1 of Van Wormer Patent 1,947,-748, for a paper cleaning machine, not infringed by appellee. The patent was issued to appellant February 20, 1934, and subsequently modified by a disclaimer filed September 26, 1938. As originally issued, Claim 1, which is the only claim in issue, read as follows:

"A paper cleaning machine comprising a casing, means to move thin paper web into, across and out of the casing including substantially continuous paper supporting means above and below the path of the paper in the casing, paper brushing devices therein arranged and including exceedingly attenuated and flexible paper surface engaging members to engage a moving sheet in the casing, means to exhaust air from the casing, and air inlet means to admit air to the casing in such location that an air current will be formed across the surface of paper moving through the machine, whereby the air current will entrain the detritus without passing through the web materially."

The disclaimer released the appellant's exclusive right "to the part of claim 1 * * * that relates to the paper brush-

ing devices arranged to engage a moving sheet, except where the brushes are made of fairly heavy hog bristle and are arranged to rotate in the direction in which the sheet is moving." It is agreed that the effect of the disclaimer is to modify the pertinent part of Claim 1 so that it reads as follows: " * * * paper brushing devices therein arranged to rotate in the direction in which the sheet is moving and including exceedingly attenuated and flexible paper surface engaging members made of a fairly heavy hog bristle to engage a moving sheet in the casing * * *."

The machine described by the specifications is a combination including an enclosed central chamber or casing extending transversely of an upright frame on which are transversely mounted a number of rolls and rotary brushes designed to be propelled by a system of pulleys and sprocket wheels connected to a motor. Four pairs of the rolls and three alternate pairs of brushes are oppositely disposed within the cleaning chamber along two adjacent horizontal lines. Other rolls support and move two series of tapes which provide endless conveyors underneath paper moving towards and away from the cleaning chamber, and a similar series of endless catgut strings extending from near one end of the machine to the other, the lower reaches of which pass adjacent to or at the level of the tapes carried on the lower rollers. All the lower rolls and brushes move clockwise and the upper ones counter-clockwise. The cleaning chamber is provided with air inlets and nozzles for introducing compressed air into the chamber near the brushes and a conventional hood and exhaust fan, for removing the detritus from the chamber.

About May 1, 1931, while employed by the Beckett Paper Company, a manufacturer of paper in Hamilton, Ohio, appellant commenced preparations to construct such a machine to be used on what is known as "plated" paper. Plated paper is made by subjecting several sheets of paper placed between alternate layers of cloth to heavy pressure by means of plates and rollers so as to impress the paper with a finish resembling the special fabric used, such as ripple, corduroy, or morocco finish. Lint from the cloths used adheres to the paper and causes difficulty in printing. Appellant testified that his machine eliminates not only the dirt, lint and foreign matter on the surface of the paper but also that which is indented into the surface by the plating process. Preparation of a patent application was commenced while the machine was under construction, and the application was filed in the Patent Office November 12, 1931. The machine was completed and in operation on July 10, 1931.

Appellant claims that the officials of appellee corporation, which manufactures paper on an extensive scale at Hamilton, Ohio, saw his machine in operation in the summer of 1931, and later built and installed in appellee's plant the "brush finish machine" and the "delinting machine," the use of which appellant claims constitutes infringement of Claim 1. Each of these machines ceased to be used in 1939 because of changes in the process which eliminated the need for this particular cleaning operation.

The District Court [37 F.Supp. 18, 19] was of the opinion that the brush finish machine differed structurally and in purpose and function from the machine described in the patent; that neither of appellee's machines embodied the elements of "substantially continuous paper supporting means above and below the path of the paper in the casing;" that such element was to be regarded as a material limitation on the scope of the claim because of the file-wrapper history, and that "air inlet means to admit air to the casing in such location that an air current will be formed across the surface of paper" were likewise absent from both accused machines. The court concluded that appellant had failed to establish infringement.

Appellant contends that such restriction of the scope of the claim was not justified, and that appellee's machines embody substantial equivalents of both elements held to be lacking. Appellee urges that (1) the file-wrapper history requires the conclusion adopted by the District Court that the patent, if valid, is not broad enough to cover the accused machines, (2) the disclaimer added new elements and thereby invalidated the claim, and (3) prior art, not before the Patent Office, requires a holding that the claim presents no patentable novelty.

No paper cleaning patent was cited by the Patent Office, but when the claims were in broad form the patent application was rejected on a number of patents for carpet cleaning apparatus which described similar arrangements of brushes, cleaning chamber and exhaust means. Patents to Hill, 628,-

538, and Drew, 99,073, were particularly emphasized. Rejection of the original Claim 1 was repeated despite amendments limiting the claim to a machine for use on "thin paper web" and the air inlet means to inlets "in such location that an air current is produced moving across the surface of the paper in the casing." It was only after the element of "substantially continuous paper supporting means above and below the path of the paper in the casing" and the description of the paper brushing devices so as to include "exceedingly attenuated and flexible paper surface engaging members" were added that the claim was allowed.

■ While both of appellee's machines use bristle brushes and the delinting machine resembles the patent in respect to the course of movement of paper, neither machine has the air inlet or continuous paper-supporting means called for by the claim in suit. We agree with the District Court that if the patent is valid it is not infringed because by amendment in the Patent Office the appellant introduced essential elements which are not employed in the accused devices.

■ Moreover, we think that appellee's contention that the disclaimer introduced a new element into the claim and hence invalidates it must be sustained. The limitation in the disclaimer to the use of a brush composed of hog bristles does not extend the claim. It originally specified paper brushing devices, and such devices might be either of camel's hair or bristles, or of any proper brush material. However, the claim as originally written does not include the rotation of the brushes. It is quite conceivable that under the broad phrase "paper brushing devices therein arranged" the brushes might be vibrated instead of rotated. Appellee urges, and it is true, that the specifications described rotation of the brushes, but that does not save the claim which is so broadly drawn as not to include this element. In Altoona Publix Theatres, Inc., v. American Tri-Ergon Corp., 294 U.S. 477, 481 et seq., 55 S.Ct. 455, 456, 79 L.Ed. 1005, it appears that the patent there held to be invalid in certain claims because the feature of the fly-wheel was added by the disclaimer, fully described and disclosed the use of the fly-wheel in the specifications. The court held that such a transformation of the patent by disclaimer is plainly not within the scope of the statute; that the disclaim-

er was void, and that the original claims as they stood before the disclaimer were also invalid. It is true that in the Altoona Publix Theatres, Inc., case, certain of the claims in suit specified the use of the flywheel and were denominated in the opinion "the flywheel claims," while the two claims held to be invalid because of the addition of the fly-wheel by disclaimer did not originally specify, and thus might be considered to exclude, the use of the fly-wheel as an essential element. However, in Milcor Steel Co. v. George A. Fuller Co., 62 S.Ct. 969, 86 L.Ed. ——, decided April 27, 1942, neither of the claims in suit described the features attempted to be added by disclaimer. These features were fully described in the specifications, but since they were not set out in the claims themselves, the Supreme Court held that the disclaimers changed the character of the claimed invention, were therefore invalid, and that the original claims were thereby invalidated. This holding compels the conclusion that the addition of the element of rotation of the brushes in the same direction of travel as the paper passing through the machine, which appellant insists is an essential part of the invention, introduces an element not present in the original claim, and thus invalidates both the disclaimer and the claim itself. Altoona Publix Theatres, Inc., v. American Tri-Ergon Corp., supra; Milcor Steel Co. v. George A. Fuller Co., supra; Consumers' Tobacco Co. v. American Tobacco Co., 3 Cir., 66 F.2d 926; General Motors Corp. v. Rubsam Corp., 6 Cir., 65 F.2d 217, certiorari denied 290 U.S. 688, 54 S.Ct. 123, 78 L.Ed. 593.

■ In addition, the patent is clearly invalid because of lack of patentable novelty. It was old to remove dust, lint and fuzz from paper by mechanical means. A device for removing particles of dust, lint, etc., "adhering" to the surface of the paper was described in Bulger, 1,094,364. Some of the early machines operated by the use of fixed brushes and suction nozzles which sucked up the dirt or lint, as Niles, 1,120,- 840; Doyle, 1,196,090, and Doyle & Case, 1,196,438. On the other hand, rotary brushing devices were shown in Ford, 873,529, and Ballard, 1,162,016. It was old to remove the detritus by exhaust fans and suction conduits. Ford, supra; Niles, supra; British Patent to King, 153,061.

As shown above, the use of brushes for cleaning paper is old in the art. It is shown in machines quite similar to appel-

lant's, Marvin, 437,863; Wood, 1,089,453, and Swiss Patent to Winkler, 54,337. Marvin disclosed a rotary bristle brush rotated opposite to the paper travel; Wood has brushes "preferably" rotating opposite the travel of the paper, and usually made of soft camel's hair. Wood also discloses an air exhaust for the purpose of cleaning off the dust, dirt or particles adhering to the web of paper. The use of hog bristles on paper is old. It is shown in Marvin and Niles, supra, and is fully described in a German article introduced in evidence, "Buntpapier-Fabrikation," published in 1927, describing brushing machines for paper. The use of brushes rotating with the paper is old. It is shown in the German article, and disclosed in Swiss Patent to Winkler, supra, which we think is a complete anticipation. It provides for brushing away adhering dust particles, etc., by means of roll brushes, and sucking them away through a suction conduit. The rotating brushes turn both ways and the claim specifies that the brush rolls are rotatable in opposing directions.

We conclude that no patentable invention exists in this disclosure.

The decree is affirmed.