**SINCLAIR et al. v. BEH & CO., Inc.**

District Court, S. D. New York.

July 14, 1942.

Lawrence C. Kingsland and Estill E. Ezell, both of St. Louis, Mo., and Frederick M. Schlater, of New York City (Edmund C. Rogers and Kingsland, Rogers & Ezell, all of St. Louis, Mo., of counsel), for plaintiffs.

Frank J. McEwen, of New York City (J. Ralph Barrow, of Akron, Ohio, of counsel), for defendant.

GODDARD, District Judge.

This is a suit for infringement of mechanical Patent No. 2,203,311 issued June 4, 1940, claims 2 and 4, and Design patents D-118,420, issued January 2, 1940, and D-122,931 issued October 8, 1940. The plaintiffs demand the usual relief of injunction and damages. The defense is noninfringement and the invalidity of the patents at issue.

The plaintiff, Sinclair, is the patentee and the owner of the patents, and the plaintiff, Rhodes, the exclusive licensee.

The patent relates to a shield which may be attached to hot air registers. The shield consists of a screen that is set at a downward and outward angle to screen out dust and soot from the current of hot air; also to deflect the hot air downwardly and outwardly over the floor of the room so as to distribute the heat more effectively. The shields are made in two types; one for use in connection with a wall register; the other for floor registers.

In the wall type filter shields of the patent and of the defendant, which is the one plaintiffs charge infringes its mechanical patent, the shields extend outwardly from the face of the register and then downwardly so that there is a space of perhaps four to six inches between the screen and the register.

The shields of both plaintiffs and defendant are made of thin sheet metal formed into channel shapes to give strength, and the channel members are in two sections. In both the shield and the screen, the two sections are fitted together telescopically

980

so the shield may be adjusted to the size of the register.

The defendant's device differs from that of the patent in two respects. One—In the means by which the frame is attached to the register. The frame in the patent is secured to the register by a screw bolt with a hook, the bolt passing through the frame and the hook engaging the register plate. The defendant's device has no bolt and hook but so forms its channels that the rear flanges of the sides of the frame may be slipped underneath the register plate, thus holding the frame in position, which is impossible with the frame of the patent because of the shape of its channels. Two—In the means by which the screen is mounted on the frame of the shield.

The second difference is that the screen of the patent is held in place by two supporting tabs—while that of the defendant is hinged at the top in such a manner as to readily swing upward to permit the regulation of heat from the register or to remove the screen for cleaning.

■ In view of the prior art—Bender Patents Nos. 1,910,232 and 1,914,397 of 1929 for filter screens with wire mesh filters, the Jones Filter Shield manufactured and sold by the Register-Screen-Hood Company for the past nine years or more, Elters Patent No. 1,622,031 issued March 22, 1927, which applied to a register hood or shield and included the telescopic adjustment; also a number of other patents antedating Patent No. 2,203,311 in issue, it is quite apparent that the fundamental features of plaintiffs' mechanical patent are old in the art and that if the patent is valid, it must be limited to a narrow field of invention to avoid anticipation. It is merely a combination of elements which were old in the art and plaintiffs' contention is that the combination produces new and useful results. However, the defendant's device does not have two essential elements included in claims 2 and 4 of the patent—"frame members being of channel form in cross section" and "means for detachably securing the frame members to the register". With the channels or beads shaped as described in these claims additional means for securing the frame to the register must be used.

■ A patent for a combination is not infringed by a device which does not include an element of the combination. Vi-broplex Co., Inc., v. J. H. Bunnell & Co., 2 Cir., 16 F.2d 975.

Patent No. 2,203,311 is not infringed by defendant.

■ The common features of the plaintiffs' and of the defendant's shields in so far as design and form are concerned, are either functional or suggested by earlier inventors as best adapted for the purpose.

"If the design goes no farther than to embody an obvious neatness and attractiveness that will make articles of household use more compact and pleasing than has generally been the case, this is not in itself enough" to justify the granting of a design patent. A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99.

No valid design patent has been infringed by defendant.

The bill must be and is dismissed.