STEELE v. WEAN et al.
No. 5745.

District Court, N. D. Ohio, E. D.
Feb. 12, 1941.

Osborne Mitchell (of Mitchell & Mitchell), of Youngstown, Ohio, and Archworth Martin, of Pittsburgh, Pa., for plaintiff.

H. H. Hoppe, of Warren, Ohio, and Stebbins, Blenko & Parmelee, of Pittsburgh, Pa. (Walter J. Blenko, of Pittsburgh, Pa., of counsel), for defendants.

WILKIN, District Judge.

This cause is instituted in accordance with the provisions of 35 U.S.C.A. § 66, and asks for summary judgment by virtue of the Declaratory Judgment Act, Section 400, Title 28 U.S.C., 28 U.S.C.A. § 400. An answer was filed, admitting the patents but denying other essential averments of the bill of complaint. A motion for summary judgment was then filed, and the case submitted upon the pleadings, the patents in dispute, file wrappers and contents, the bill of particulars, answers to interrogatories, and depositions.

The issue as to interference between the plaintiff's patents and the defendants' patent is clearly made, and the patents and proof before the court are sufficient to permit determination of that issue.

The evidence and the briefs discuss other questions, but it is not necessary for the court to consider now matters extraneous to the issue of interference. For instance, the plaintiff makes charges and offers evidence regarding the commercial structures of the defendants. Such charges and evidence would be pertinent in a case of infringement, but they have no application to an issue raised under 35 U.S.C.A. § 66, except in so far as such structures illustrate or demonstrate the patent. Furthermore, there is evidence and extensive discussion as to the invalidity of the patents. But, in view of the pleadings and the narrow issue raised by the motion for summary judgment, the court considers it improper to determine the question of validity at this time. The broader issues between the bill of complaint and the answer require further hearing in order to warrant

840

determination of the validity of the patents.

As to the simple issue of interference, however, the court finds in favor of the defendants and overrules the motion for summary judgment upon the ground that the claims of the defendants' patent No. 1,-871,102 are not in interference with the claims of the plaintiff's patent No. 1,532,-607 or the reissue patent No. 18,551.

The plaintiff relies upon claims 1, 2, and 3 of the reissue patent, and they are the exact claims of the original patent, so that for the purposes of this case we need refer only to the reissue patent. The plaintiff asks the court to construe those claims so as to cover (1) plaintiff's alleged discovery of means by which rolls could be used continuously at high temperature, (2) the complete mechanization of the sheet rolling process, (3) the practice of conveying bars and sheets between mill and furnace without touching the floor, and (4) the elimination of the run-over pass. If the plaintiff's claims could be given as broad an interpretation as that, the defendants' patent would be in interference. But the language of the three claims relied on by the plaintiff does not warrant an interpretation so broad. Moreover, it is questionable whether claims broad enough to cover complete mechanization and conveyance of sheets and bars above the floor would have been allowed at all, or would have been valid if allowed. The claim as to elimination of the run-over pass was clearly anticipated by prior art. The plaintiff had himself permitted public use° of his original contribution as to that practice and also as to the practice of continuous use of mills at high temperature.

The state of the art, as shown by prior patents offered in evidence, the practices in the industry, as shown by the evidence and exhibits, and the presumption of validity which attends the grants of the patents from the Patent Office, all require a restricted construction of the claims of the patents. Such a restricted construction limits the patents to "arrangements of the apparatus" and the consequent change in procedure, and when the plaintiff's and the defendants' patents are compared under such an interpretation, it appears that there are differences between them in the arrangement of the apparatus and the consequent procedure.

The manufacture of sheets from bar metal requires the heating of the bars, the rolling of the bars into sheets, the matching and doubling of sheets, and repeated rolling to the required gauge. The history of the art and the evolution of the industry is largely an account of the attempt to mechanize the process of sheet manufacture. Certain economies in the process of manufacture have prompted the substitution of automatic processes for manual processes and the arrangement of apparatus so as to increase the continuity of the flow of the material in the process of manufacture. All the patents considered have made varying contributions to those same general ends, with some incidental benefits.

The plaintiff referred to his invention in all three claims as a "method". The defendant Wean referred to his invention as a "combination" in all claims except 2 and 3, and in those claims he also referred to his invention as a method. His patent calls for two mill stands or sets of rolls, one for roughing and one for finishing, whereas the Steele patent mentions only one set of rolls. The Wean patent calls for "continuous" furnaces and "rolls in alinement therewith", whereas the Steele patent says nothing as to alinement or type of furnace. The Wean patent calls for manual control of material during rough-rolling and doubling, and indicates that the doubling will be done on the floor, whereas the Steele patent indicates mechanical control and doubling on an elevation above the mill floor.

It is undoubtedly true that much of the apparatus and process disclosed by the Wean patent serves the same ends as the apparatus and process described in the Steele patent. The same may be said of other patents. The description of plaintiff's patent as contained in the arguments of counsel for plaintiff encompasses the whole process of steel manufacture. But the plaintiff's patent, if validity is preserved, must be restricted in its claims in order to distinguish it from the prior art. Then those differences which distinguish the Steele patent from prior inventions suggest differences which distinguish the Wean patent from the Steele patent. Or, stated conversely, as in plaintiff's brief at p. 23, second section: "In view of the admitted similarity between the Steele system and the Wean system, the prior art which defendant cites as anticipatory of Steele, would also anticipate and invalidate the Wean patent".

It must be conceded, after reading the patents and examining the patent drawings and the lay-out (CS–52), that the dif-

ferences are slight and are largely, as indicated above, mere differences of arrangement. It is questionable whether they rise to the dignity of invention. Since the answer denies the charge of invalidity in the bill of complaint, and, since the allegations as to invalidity of plaintiff's patent in the answer must be "taken as denied," 7(a) and 8(d), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, such issues cannot be determined upon a motion for summary judgment.

■ The defense of laches is contained in the answer. The evidence indicates that while the plaintiff has made highly creditable contributions to the sheet steel industry, he has not been correspondingly diligent about the protection of his rights as inventor. But, in view of the issues at this time, the court feels that the determination of the charge of laches should be postponed until after further hearing, if the cause is pressed for further hearing.

Motion for summary judgment is overruled.