## MILCOR STEEL CO. *v.* GEORGE A. FULLER CO. ET AL.

No. 720.   Argued March 30, 1942.—Decided April 27, 1942.

*Mr. George L. Wilkinson,* with whom *Mr. Asher Blum* was on the brief, for petitioner.

*Mr. Malcolm K. Buckley,* with whom *Mr. Conrad Christel* was on the brief, for respondents.

*Mr. Truman Sunderland Safford* filed a brief, as *amicus curiae,* urging reversal.

MR. JUSTICE BLACK delivered the opinion of the Court.

This is a suit brought in the District Court for infringement of two claims of a patent issued to one Holdsworth and assigned to the petitioner.   One defense pleaded by the respondents was that Holdsworth was not the original inventor.   When a patentee, "through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention . . . has claimed more than that of which he was the original or first inventor . . . ," Rev. Stat. § 4917, 35 U. S. C. § 65, preserves for him or his as-

signee "all that part which is truly and justly his own, provided the same is a material or substantial part of the thing patented." The method prescribed for saving the patent in part is "disclaimer of such parts of the thing patented" as the patentee or his assignee "shall not choose to claim." After the respondents answered, the petitioner filed disclaimers in the patent office with respect to the two claims in suit, purporting to narrow their scope in accordance with the statutory authorization. The defendants then moved for summary judgment on the pleadings pursuant to Rules 12 (c) and 56 (b) of the Federal Rules of Civil Procedure. Their grounds, among others, were that the revised claims added new elements not recited in the original ones; and represented an effort to give the old patent a new scope not previously contemplated and never passed upon in the light of the prior art by the patent office. The District Court found that the disclaimers did import new elements not included in the original claims and held that they rendered the claims invalid, relying upon our decision in *Altoona Theatres* v. *Tri-Ergon Corp.*, 294 U. S. 477. Accordingly, it entered summary judgment for the defendants. The Circuit Court of Appeals affirmed. 122 F. 2d 292.

As we read the opinion of the court below, it affirms the proposition that, where a disclaimer attempts to add a new element to a claim, the disclaimer is invalid even though it may also make the revised claim narrower than the original. We granted certiorari because of alleged conflict with decisions on the question in other circuits.[1]

The patent in suit here is for a wall, to be used as a partition between rooms or on the inner side of the walls of the building itself. The necessary parts are a piece

---

[1] See *e. g., Payne Furnace & Supply Co.* v. *Williams-Wallace Co.*, 117 F. 2d 823; *Cincinnati Rubber Mfg. Co.* v. *Stowe-Woodward, Inc.*, 111 F. 2d 239.

of metal to be fastened to the ceiling; another to be fastened to the floor; upstanding channel iron supports running between the top and bottom members; metal lathing to be fastened by wires to the skeleton wall in order that plastering may be supported.

The specifications describe and drawings illustrate (1) a top angle iron member with a perforated surface or flange hanging downward so as to fit into slots at the top of the upstanding irons; (2) recesses in the base member providing a snug fit for the bottom part of the upstanding channel irons. The two claims in controversy are printed in the margin.[2] As the courts below pointed out, it is these claims, not the specifications, that afford

[2] "6. A wall construction for a room having a floor and a ceiling, said wall construction including a base member and a ceiling member, said wall construction also including upstanding wall-supports whose height is less than the maximum vertical distance between said base member and said ceiling member, said upstanding wall supports being located between said base member and said ceiling member, said wall supports being vertically movable relative to said base member and to said ceiling member when said wall supports are assembled with said base member and said ceiling member, *and means operative to prevent any substantial tilting movement of said wall supports from their predetermined upstanding position.*

"7. A wall construction for a room having a floor and a ceiling, said wall construction including a base member and a ceiling member, said wall construction also including upstanding wall-supports whose height is less than the maximum vertical distance between said base member and said ceiling member, said upstanding wall supports being located between said base member and said ceiling member, said wall supports being vertically movable relative to said base member and to said ceiling member when said wall supports are assembled with said base member and said ceiling member, *said base member and said ceiling member being shaped to provide means which are operative to prevent any substantial tilting of said wall supports from their predetermined upstanding position."*

Italics have been added to mark those portions in which the two claims differ from each other.

the measure of the grant to the patentee.[3] "Out of all the possible permutations of elements which can be made from the specifications, he reserves for himself only those contained in the claims." 122 F. 2d 292, 294. The foregoing features appearing in the specifications are not set out in the claims themselves; the claims do not indicate in any way that these features were essential parts of the combination for which the patent was issued. On the contrary, Holdsworth asserted that his specifications in general showed only a "preferred embodiment" of his invention, and with respect to the ceiling member in particular, stated: "I do not wish to be limited to an angle iron for completing the top of the metal construction."

The disclaimers, however, purported to make these two features essential parts of the claimed combination. One disclaimer substituted for part of one of the original general claims a description of a "ceiling member [which] comprises a vertical depending perforated flange, one side of which is overlapped by metal lathing"; and the other disclaimer substituted for part of another original general claim a description of a "base member . . . composed of a longitudinal strip having recesses to receive the lower ends of the webs of channel wall supports, the flanges of the channel wall supports overlapping the base member adjacent the recesses." Limiting ourselves, as we must, to the original claims to determine the nature of the combination covered by the patent when it was granted, and comparing that combination with the one purportedly embodied by the claims after the disclaimer, we can only conclude that the revised patent includes new elements which were not present in the original.

---

[3] Rev. Stat. § 4888, 35 U. S. C. § 33, requires that the applicant for a patent "shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery." See *Paper Bag Patent Case*, 210 U. S. 405, 419; *Mahn v. Harwood*, 112 U. S. 354, 360–361.

The petitioner's argument is that the statute authorizes any disclaimer which actually narrows the claim, and that its disclaimer would have the requisite narrowing effect because it would restrict the claims to cover the combination only when the features described in the disclaimers were present.

But in *Altoona Theatres* v. *Tri-Ergon Corp., supra,* 489–490, the test which the petitioner argues for here was rejected. Although this Court recognized that an effect of the disclaimer in controversy in the *Altoona* case was "in one sense to narrow the claims," it concluded that the disclaimer statute "does not permit the addition of a new element to the combination previously claimed, whereby the patent originally for one combination is transformed into a new and different one for the new combination."

The Holdsworth patent was for a structure composed of a combination of familiar elements. If there was novelty, it consisted in the combination. "A combination is always an entirety. In such cases, the patentee cannot abandon a part and claim the rest, nor can he be permitted to prove that a part is useless, and, therefore, immaterial. He must stand by his claim as he has made it. If more or less than the whole of his ingredients are used by another, such party . . . has not used the invention or discovery patented. With the change of the elements the identity of the product disappears." *Schumacher* v. *Cornell,* 96 U. S. 549, 554. This Court has explicitly recognized that the disclaimer statute cannot be invoked to justify such a change. *Vance* v. *Campbell,* 1 Black 427, 429. And here, as in the *Altoona* case, the revised claims change the combination set out in the original claims. The disclaimers do more than delete a "distinct and separable matter . . . without mutilating or changing what is left standing"; they change the character of the claimed invention and are therefore unau-

thorized by the disclaimer statute. *Hailes* v. *Albany Stove Co.*, 123 U. S. 582, 587.

If an alteration of one of the essential elements of a claimed combination were permissible at all, it would be under the reissue statute, Rev. Stat. § 4916, 35 U. S. C. § 64, which grants rights only from the date of reissue and after consideration by the patent office. *Altoona Theatres* v. *Tri-Ergon Corp.*, *supra*, 491. To permit such substantial alterations under the disclaimer statute, which, where applicable, gives effect to the revised claims from the date of the original issue without any consideration by the patent office, would be contrary to the policy of the patent laws. In the words of Mr. Justice Bradley, it would permit "a man . . . by merely filing a paper drawn up by his solicitor, [to] make to himself a new patent." *Hailes* v. *Albany Stove Co.*, *supra*, 587. Cf. *Brooks* v. *Fiske*, 15 How. 212, 219. It would also retroactively create possibilities of innocent infringement where no one would reasonably have suspected them to exist.

The courts below properly decided that the attempted disclaimers here invalidated the claims in controversy. Accordingly, the judgment is

*Affirmed.*