### E. W. BLISS CO. v. COLD METAL PROCESS CO.

No. 5402.

District Court, N. D. Ohio, E. D.

Sept. 2, 1942.

Supplemental Opinion Oct. 27, 1942.

---

898

B. M. Kent (of Kwis, Hudson & Kent), of Cleveland, Ohio, and Fraser, Myers & Manley, of New York City, for plaintiff.

Baker, Hostetler & Patterson and Howard Burns, all of Cleveland, Ohio, and Stebbins, Blenko & Parmelee, Walter J. Blenko, and William H. Webb, all of Pittsburgh, Pa., for defendant.

WILKIN, District Judge.

This case was heard on plaintiff's motion for summary judgment. The reason assigned for the motion was that defendant's patent 1,779,195 (referred to in the briefs and in this memorandum as '195) is invalid for two reasons: (1) That certain essential features of the division patent were not disclosed in the original application and that therefore as matter of law the patent is not entitled to the benefit of the filing date of the original application and is for that reason without validity as against admitted prior uses, (2) that the patent was invalidated by the filing of the disclaimer because the disclaimer was itself improper and made void the claims to which it applied.

The defendant opposed the motion on the following grounds: That there are genuine issues as to material facts which exclude the case from the operation of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; that plaintiff's principal contention has been twice litigated and determined; that the question of identity of disclosure in the original application and the division patent requires extrinsic evidence to explain the terms of the art and to apply the description to the subject matter; that the disclaimer adds no new elements to the claims enumerated but merely limits them in a way that is lawful and proper; that the motion is dilatory and should be disregarded.

As to the first ground of motion, it seems to this court, in view of the condition of the pleadings and the affidavits of Pulliam and Hunt and the arguments of counsel, that there is an issue of fact which precludes summary judgment. The court finds here very much the same situation that existed in the case of Steele v. Wean, D.C., 37 F.Supp. 839. Plaintiff contends that in three particulars patent '195 contains improvements "none of which is dis-

closed in the 1923 application". Defendant denies these contentions, and each side offers affidavits to support its views. It seems to be the accepted rule that claims covering important inventions will not be struck down by summary judgment where the parties have not agreed on the facts or have not both moved for summary judgment. Refractolite Corp. v. Prismo Holding Corp., D.C., 25 F.Supp. 965; Van Wormer v. Champion Paper & Fibre Co., D.C., 28 F.Supp. 813; Meikle v. Timken-Detroit Axle Co., D.C., 44 F.Supp. 460.

■ Furthermore, although this court cannot in the circumstances say that the issue is res judicata, the fact that the patent was approved by a court of competent jurisdiction after full trial (Cold Metal Process Co. v. United Engineering & Foundry Co., D.C., 3 F.Supp. 120) would make it almost presumptuous for this court to declare the patent invalid upon nothing more than a comparison of documents which had been before the other court.

■ As to the second ground of motion, it seems to the court that the question of the effect of the disclaimer is properly raised. It does not appear that any other court has determined that specific question; but even if it had been an issue in the prior cases, there would still be a serious question whether or not that would preclude the plaintiff from raising the question here. Cold Metal Process Co. v. American Sheet & Tin Plate Co. et al., D.C., 22 F.Supp. 75, is the only case in which there is any showing of participation by the plaintiff, and the decree in that case, after having been reversed in the Court of Appeals (Cold Metal Process Co. v. Carnegie-Illinois Steel Corp. et al, 3 Cir., 108 F.2d 322) was finally vacated.

But, regardless of the effect of the former decisions, this court feels constrained to find that the disclaimer was proper and that it did not invalidate the claims of the patent to which it referred. It seems that this issue is controlled by the case of Cleveland Automatic Machine Co. v. National Acme Co., 6 Cir., 52 F.2d 769. The cases of Hazeltine Corp. v. Emerson Television-Radio, Inc., et al., 2 Cir., 129 F.2d 580, decided July 29, 1942, and Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332, are different, because the disclaimers changed the character of the claimed inventions. It was held in both these cases that the disclaimer changed the combination set forth in the original claims, whereas the disclaimer in the case at bar called for no new combination of parts and no new apparatus. The patent in this case covers a mill and a method for rolling sheet metal. The plaintiff interprets the disclaimer to mean that "any mill, as defined by claim 6, is not an invention despite the fact that it has anti-friction bearings", but "is an invention, however, when the mill is additionally provided with bearings of special character such as to permit the mill to be operated at high speeds". But it seems to this court that such an interpretation of the disclaimer is unwarranted. The meaning of the disclaimer is simply that speed of the mill need not be limited. In other words, bearings of a character to limit the mill speeds are excluded from the scope of the claims.

Motion overruled.

### Supplemental Opinion.

In the memorandum filed September 2, 1942, in which this court overruled the plaintiff's motion for summary judgment, the case of Cincinnati Rubber Mfg. Co. v. Stowe-Woodward, Inc., 6 Cir., 111 F.2d 239, should have been cited in conjunction with Cleveland Automatic Machine Co. v. National Acme Co., 6 Cir., 52 F.2d 769. The omission of the Cincinnati Rubber Mfg. Co. case was an oversight.

■ The court has carefully reconsidered the effect of the disclaimer and again arrives at the same conclusion announced in the former memorandum, namely, that the disclaimer is not invalid and does not invalidate the patent. It seems to this court that the disclaimer in this case falls clearly within the language and the purpose of the statute providing for disclaimers. The claims to which the disclaimer applies speak of "limiting the rise in temperature of the backing roll necks" and of "maintaining the temperature of the backing roll necks" and of "anti-friction bearings of the backing rolls, whereby the temperature of the backing roll necks is maintained", etc. But speed is not mentioned or referred to in the claims. The disclaimer eliminates from the claims mentioned "mill speeds" as a method of "limiting the rise in temperature". The claims were no doubt broad enough to cover all methods of regulating the temperature of the backing roll necks, and the speed of operation would be one of the contributing factors to heat. The disclaimer excludes

any claim regarding such regulation of temperature by regulation of speed.

◼ As stated in the former memorandum, the disclaimer here does not add "a new element to the combination previously claimed", as prohibited by Altoona Theatres v. Tri-Ergon Corporation, 294 U.S. 477, 55 S.Ct. 455, 460, 79 L.Ed. 1005. There is no such change of the elements as causes identity of the product to disappear. Vance v. Campbell, 1 Black 427, 17 L.Ed. 168; Schumacher v. Cornell, 96 U.S. 549, 554, 24 L.Ed. 676. The disclaimer here does not substitute for part of the original general claims a description of another member, such as was prohibited in Milcor Steel Corp. v. Fuller Co., 316 U.S. 143, 146, 62 S.Ct. 969, 86 L.Ed. 1332. It does not introduce "a new element into the claim", as did the rotating brushes in Van Wormer v. Champion Paper & Fibre Co., 6 Cir.. 129 F.2d 428, 430. The disclaimer as to speed in this case is like the disclaimer as to the bristles in the case last mentioned—it "does not extend the claim". There is in this disclaimer no addition of any element "which appellant insists is an essential part of the invention". The disclaimer here merely deletes a "distinct and separable matter * * * without mutilating or changing what is left standing". It serves merely "to change the form of a claim which is too broad in its terms". Hailes v. Albany Stove Co., 123 U.S. 582, 587, 8 S.Ct. 262, 265, 31 L.Ed. 284.

Petition for rehearing denied.