### ENGINEERING DEVELOPMENT LABORATORIES, Inc., v. RADIO CORPORATION OF AMERICA.

District Court, S. D. New York.

June 5, 1945.

Samuel Ostrolenk, of New York City (Sidney G. Faber, of New York City, of counsel), for plaintiff.

Stephen H. Philbin, of New York City, for defendant.

GODDARD, District Judge.

This is a motion by the defendant for summary judgment. The suit is for infringement of patent No. 2,086,256 issued on July 6, 1937, to Harry G. Cisin on an application filed February 12, 1932. The patent is for an amplifying circuit that can be used on either alternating current [AC] or direct current [DC] without making any manual alterations in the circuit.

The motion is made on the ground that the patent claims in suit 3, 4, 5, 11, 12 and 13 are invalid as they were first presented to the Patent Office by amendment in 1936—more than two years after their subject matter had been in public use, and hence are invalid under R.S. § 4886, 35 U.S.C.A. § 31, before amendment by 53 Stat. 1212.

The rule of law to be applied is stated in Muncie Gear Works v. Outboard Marine & Manufacturing Co., 315 U.S. 759, 768, 62 S.Ct. 865, 869, 86 L.Ed 1171:

"The claims in question are invalid if there was public use, or sale of the device which they are claimed to cover, more than two years before the first disclosure thereof to the Patent Office."

The plaintiff has not denied any of the statements in the defendant's affidavits that the subject matter of the claims in suit, applied for in 1936, were on public sale in 1932-1933. The question then is whether the claims in suit are on subject matter first disclosed to the Patent Office in 1936 or first disclosed in 1932. In other words, are the 1936 claims for the same or for a different invention from the invention applied for in 1932? This question is to be decided by applying the same rule of law and tests that are applied in determining whether a reissue patent is for the same or for a different invention from the original patent. See Chicago & N. W. R. Co. v. Sayles, 97 U.S. 554, 563, 24 L.Ed. 1053. The determination is to be made by the court itself from the wording of the claims, with expert testimony only to explain the terms

of the patent, if needed. United States Industrial Chemicals v. Carbide & Carbon Chemicals Corp., 315 U.S. 668, 678, 62 S.Ct. 839, 86 L.Ed. 1105.

■ Summary judgment is permissible in a patent suit when there is no genuine issue as to any material fact, Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the only question raised is one which may be determined from the wording of the claims and the history of the patent application. Milcor Steel Co. v. George A. Fuller Co., 2 Cir., 122 F.2d 292, affirmed 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332. Such procedure, if correct, would serve the best interests of the litigants and the public by avoiding the necessity of a long trial entailing an expense "notoriously great in patent suits".

■ The elimination or addition of one element in a combination makes the later claims for a new and different invention. Muncie Gear Works v. Outboard Marine & Manufacturing Co., 315 U.S. 759, 62 S.Ct. 865, 86 L.Ed. 1171; Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332. Even changing the characteristic of one member of a combination from rigid to flexible makes the new claims for a different invention. Schriber-Schroth Co. v. Cleveland Trust Co., 305 U.S. 47, 56-60, 573, 59 S.Ct. 8, 83 L.Ed. 34.

■ The application as originally submitted to the Patent Office was for a "Hearing Aid." It was designed to operate on two electronic tubes of similar construction, and the circuit set up around the two tubes was such that the hearing aid would operate on either alternating current or direct current without the necessity of any manual changes in the circuit. The application specifies the kind of a tube for which the circuit was designed ["M" filament 137—type AC—DC humless vacuum tubes]. The primary feature of the claims as originally submitted was the use of an ordinary three element radio tube as a rectifier. The original claims specified that the tube used as a rectifier tube had a "grid and a plate connected in multiple" and then added various additional circuit connections in combination. These claims were rejected by the examiner on the ground that they did not specify the real invention, which appeared to him to lie in "the power supply circuit including the manner of connecting the cathode heater circuit." They were then cancelled by the applicant who thereby acquiesced in that rejection. It cannot now be claimed that they accurately described the invention sought to be protected by a patent. Phœnix Caster Co. v. Spiegel, 133 U.S. 360, 368, 10 S.Ct. 409, 33 L.Ed. 663; Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 220-223, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132.

■ There was no mention of the cathode heater circuit in the original claims 1-6, and there is none in claim 3 of the patent. But the plaintiff states in his affidavit that the invention in part lies in the cathode heater circuit which is connected across the main power line. These claims, therefore, need not be considered since they do not accurately describe plaintiff's invention.

Application claims 7, 8, and 9 submitted in the first amendment of the application in November, 1932, were the first claims to specify the kind of a cathode heater circuit used in the invention. Claim 7 was rejected as vague, and was cancelled. Claims 8 and 9 were allowed after amendment, and are patent claims 1 and 2.

Plaintiff has tried to rely also on application claims 10 and 11. But in these claims, which were rejected by the Board of Appeals following the interference, and cancelled, there is no limitation putting the cathode heater circuit across the main power source. In both these claims the cathode circuit could be connected to some independent source of current. In this respect application claims 10 and 11 are as indefinite as application claim 8 was when originally submitted; but application claim 8 was amended so as to put the cathode heater circuit specifically across the main power line. Hence, application claims 10 and 11 are substantially different from plaintiff's invention, even as claimed in 1936. This leaves only application claims 8 and 9 as the claims which properly describe the invention including the important cathode heater circuit, before 1936. However, application claims 8 and 9 differ greatly from the claims in suit.

■ Application claims 8 and 9, as do application claims 1-7, specify a "plurality of vacuum tubes each having a plate, a grid, a cathode and a heater filament." All of the claims in suit, added in 1936, specify "a rectifier tube consisting of anode means, cathode means, and heater means" and "an amplifier tube comprising * * * an anode, a cathode and a heater therefor." An

anode is a plate according to the plaintiff's affidavit. Thus the 1936 claims have dropped one element from the earlier claims, namely the grids in the tubes. This automatically eliminated the further earlier limitation that the grid and plate of the rectifier tube were connected together. But these limitations were important in obtaining the allowance of application claims 8 and 9, and the defendant urged on their behalf: "There is set forth the peculiar multiple connection of the grid and the plate in the first tube." The 1936 claims are thus broader than the 1932 claims by the elimination of two limitations. This makes the new claims for a new invention, and hence invalid. Muncie Gear Works v. Outboard Marine & Manufacturing Co., 315 U.S. 759, 62 S.Ct. 865, 86 L.Ed. 1171.

Application claims 8 and 9, furthermore, include in combination a choke coil and two condensers. These are one kind of a filter. The patent claims 3 and 4 are drawn to a filter comprising inductance means and condensers. But patent claim 5 has merely a filter comprising inductance means, and in patent claims 11, 12 and 13 there is merely a generalized "filter." But in submitting application claims 8 and 9 in response to the first rejection, the applicant said: "Also these claims include the peculiar choke coil and condenser arrangement. These features are likewise not to be found in the references which only show these element tubes." Here again the 1936 claims have broadened the 1932 claims.

Application claims 8 and 9 have other elements in combination with those set forth above which are not included in the patent in suit. These claims include a variable resistance which plaintiff's affidavit says may be used to control the amplification, and a condenser-shunted resistance for obtaining a steady grid operating bias for the amplifier tube. It is not necessary to obtain expert testimony to tell just what those terms mean, for their meaning is immaterial. These elements also are missing from the 1936 claims.

■ Plaintiff further changed the scope of the invention when, in 1936, he first added the limitation to his claims that one tube should have "an individual envelope." Plaintiff does not raise any question of fact over this limitation, nor can it be raised. Throughout the specification included in the application, and throughout the earlier claims the applicant referred to "tubes," without the limitation of "an individual envelope." It was not until the amendment of July 31, 1936 that this element was specifically added by plaintiff. This new limitation makes the new claims void. Schriber-Schroth Co. v. Cleveland Trust Co., 305 U.S. 47, 56–60, 573, 59 S.Ct. 8, 83 L.Ed. 34; see also Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332.

The scope of the enlargment of the claims in 1936 is indicated by the amendment in that year changing the title of the patent from "Hearing Aid" which is an "amplifier for deaf persons" to "Amplifying Circuit" which could include any electronic tube amplifying circuit.

Plaintiff contends that application claims 10 and 11 should be considered in the present situation. These claims were, however, admittedly copied from a patent in order to obtain an interference. According to the decision of the Board of Appeals of the Patent Office, these claims were unpatentable to the plaintiff because they were much too broad, and again plaintiff cancelled the rejected claims. Hence they do not accurately describe plaintiff's invention, and need not now be considered.

■ It may also be noted that from an examination of application claims 10 and 11 it appears that these claims as originally drawn recited "a plurality of coupled multi-electrode tubes" and a "rectifier." The examiner pointed out that "this statement of structure requires at least three tubes in accordance with the patentee's disclosure. Applicant discloses a system comprising only two tubes, one of which is an amplifier and the other of which is a rectifier." Thereupon, the applicant amended his claims so as to cover only a two-tube combination. According to the uncontradicted exhibits annexed to the defendant's affidavits, the radio sets made by the defendant for which plaintiff is now suing for infringement include at least four tubes. Having accepted the Patent Office limitation on the claims so as to enter the interference, the plaintiff cannot now say that his patent covers the four tube combination. See Phœnix Caster Co. v. Spiegel, supra; Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 220–223, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132.

■ After consideration of the patent as issued, together with the history of the application and the affidavits, the motion for summary judgment is granted because

the subject matter of the claims in suit had been in public use for more than two years prior to their first presentation to the Patent Office. Muncie Gear Works v. Outboard Marine & Manufacturing Co., 315 U.S. 759, 62 S.Ct. 865, 86 L.Ed. 1171.

Motion granted. Settle order on notice.