## FRANK ADAM ELECTRIC CO. v. FEDERAL ELECTRIC PRODUCTS CO.

### No. 14607.

United States Court of Appeals
Eighth Circuit.

Dec. 9, 1952.

Rehearing Denied Jan. 14, 1953.

John H. Sutherland, St. Louis, Mo. (John E. Taylor, St. Louis, Mo., on the brief), for appellant.

Harry Cohen, New York City (Joseph J. Gravely and Roy A. Lieder, St. Louis, Mo., and Edwin Levisohn of Levisohn, Niner & Cohen, New York City, on the brief), for appellee.

Before THOMAS, JOHNSEN and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

The appellant brought this action in the district court on April 14, 1951, for damages for the alleged infringement of Reissue Letters Patent No. Re. 22,266 of original Patent No. 2,186,813, for an invention in "Circuit Interrupting and Protective Device." The original patent was issued to the appellant, assignee of Frederick B. Adam and Henry M. Stieglitz, on January 9, 1940, the application for which was filed June 29, 1936.

The defendant-appellee, Federal Electric Products Company, moved for summary judgment pursuant to Rules 12(b) and (c) and 56(b) and (c) of the Federal Rules of Civil Procedure on the ground that Patent No. Re. 22,266 is invalid and void in that the original patent No. 2,186,813 had been rendered invalid and void and incapable of being reissued for any or all of the reasons that (1) no proper disclaimer had been entered with respect to claims 13, 14, 18 and 19 which were involved in Interference No. 79,012 with the application (subsequently issued Patent No. 2,289,122) of Jackson and Kingdon to whom Adam and Stieglitz conceded priority of invention; (2) the disclaimers were invalid because they added elements to said claims; (3) the invalid claims 13, 14, 18 and 19 of the original patent with the subject matter of the invalid disclaimers incorporated therein were submitted in the application for the reissue patent and were included in that patent; and (4) there was no inadvertence, accident, or mistake which would provide any valid basis for the reissue No. Re. 22,266.

The court sustained the motion for summary judgment holding that the Letters Patent No. Re. 22,266 are void and invalid as to each and all of the claims thereof, and declaring that the application for the Reissue Patent was not timely; that the benefits of the reissue and disclaimer statutes are not cumulative as regards a single change to be made in a patent; that the error attempted to be rectified by the reissue patent is not within the purview of the reissue statutes; and that the original patent was invalid and void because the disclaimers attempted to add elements, and not because of a defective or insufficient specification or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new.

The record includes copies of the patents referred to and of the file wrappers of original patent No. 2,186,813, of Interference No. 79,012 involving patent No. 2,289,122, and of reissue patent No. Re. 22,266.

Two statutes are involved. They are referred to as the disclaimer and reissue statutes. The disclaimer statute, 35 U.S.C.A. §§ 65 and 71, provides that

"§ 65. Whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, his

patent shall be valid for all that part which is truly and justly his own * * *; and any·such patentee * * may * * * make disclaimer of such parts of the thing patented as he shall not choose to claim * * *."

§ 71 denies such relief " * * * if he [the patentee] has unreasonably neglected or delayed to enter a disclaimer."

The reissue statute, 35 U.S.C.A. § 64, provides:

"Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent * * * cause a patent for the same invention, and in accordance with the corrected specification, to be reissued * * * for the unexpired part of the term of the original patent. * * *"

First, we shall consider the finding and holding of the court that the application for the reissue patent was not timely, that is whether the appellant was guilty of laches.

■ The question of laches is one of fact, and the finding of the trial court on that question is binding on this court unless it is clearly erroneous. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. The court did not make formal findings of fact, but that is immaterial since its opinion plainly states its conclusion. Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 58, 63 S.Ct. 1393, 87 L. Ed. 1731.

John G. Jackson and Ralph H. Kingdon, having on May 1, 1937, filed an application for a patent for an electric switch, filed an interference in the patent office on January 14, 1941, claiming priority of invention over claims 13, 14, 18 and 19 of the Adam patent. On October 25, 1941, Adam and Stieglitz conceded priority of the Jackson and Kingdon invention over claims 13, 14,

18 and 19 of the original patent. On October 31, 1941, disclaimers to each of these four claims were filed in the patent office, and on July 9, 1942, the application for the reissue patent was filed, and the patent was granted on February 16, 1943.

■ The delay in filing the application for reissue was about eight months after the appellant learned about the mistake in its patent. In the case of H. W. Roos Co. v. McMillan, 6 Cir., 64 F.2d 568, a delay of six months in filing for a reissue after a defect in the claim of a patent came to the notice of the patentee was held to constitute laches. And see Marconi Wireless Telegraph Co. v. United States, supra, 320 U.S. at page 59, 63 S.Ct. 1393, 87 L.Ed. 1731.

■ The doctrine of laches as applied to·reissue patents is an equitable doctrine. It is not covered by statute. In Sontag Chain Stores Co., Ltd., v. National Nut Company of California, 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204, the Supreme Court reviewed with approval its prior application of the doctrine in such cases. The statements of principle were approved as set forth in Miller v. Brass Co., 104 U.S. 350, 26 L.Ed. 783, that "Nothing but a clear mistake, or inadvertence, and a speedy application for its correction, is admissible when it is sought merely to enlarge the claim", and in Mahn v. Harwood, 112 U.S. 354, 5 S.Ct. 174, 179, 6 S.Ct. 451, 28 L.Ed. 665, that " * * * no court of equity, considering all the interests involved, would ever grant relief in such a case without due diligence and promptness on the part of the patentee in seeking to have the error corrected."

■ But we will not pursue this point further because we think the record here shows conclusively that the "error" sought to be corrected by the reissue had not "arisen by inadvertence, accident, or mistake * * *" within the meaning of the reissue statute, 35 U.S.C.A. § 64.

The situation here is as follows: Prior to the filing of the application for the reissue patent on July 9, 1942, claims 13, 14, 18 and 19 of the original patent had been rendered invalid for two reasons. First,

on October 24, 1941, the patentees and their assignee, the appellant here, had in the interference proceeding in the patent office conceded priority of invention as to these claims to Jackson and Kingdon; and, second, on October 31, 1941, disclaimers in respect to these claims were filed in the patent office which added a new element to each of them, thereby rendering the claims invalid. Milcor Steel Co. v. George A. Fuller, 2 Cir., 122 F.2d 292, affirmed 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332. Now the four claims appear in the application for and in the reissue patent bearing the same numbers as in the original patent and including the same elements of which priority of invention was conceded plus the new elements added by the disclaimers.

We think it was manifest error for the appellant to include these four invalid claims in its application for a reissue patent and for the commissioner to include them therein. See Leggett v. Avery, 101 U.S. 256, 25 L.Ed. 865. The filing of the invalid disclaimers and the concession of priority of invention were deliberate acts and not the result of inadvertence. They were evidently considered to be necessary and advantageous at the time they were filed. Our conclusion is not inconsistent with the decision of the court in General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, Inc., 4 Cir., 77 F.2d 230, cited by appellant. In the cited case an application for a reissue of an original patent, seeking to substitute for claim 7 of the original patent a new claim to include an element whose omission had been held fatal by another court, was filed in the patent office on April 7, 1934. On April 13, 1934, a disclaimer to claim 7 of the original patent was filed, stating in an accompanying letter that the new claim 7 was drafted to correct the deficiency upon which the decree of invalidity had been based, and that the disclaimer was filed out of abundant caution. That is not the situation presented here. In the cited case the disclaimer not only came after the filing of the application for a reissue, but it was intended to eliminate the invalid elements of claim 7 of the application, whereas in the instant case the disclaimer was filed before the application for the reissue patent was filed, and instead of eliminating an invalid feature it added one which was carried over into the application for the reissue and is included in the reissue.

Compare the following cases: Hailes v. Albany Stove Co., 123 U.S. 582, 8 S.Ct. 262, 31 L.Ed. 284; Ensten v. Simon, Ascher & Company, Inc., 282 U.S. 445, 452, 51 S. Ct. 207, 75 L.Ed. 453; Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005; U. S. Industrial Chemicals Co. v. Carbide & Carbon Chemicals Corp., 315 U.S. 668, 62 S.Ct. 839, 86 L.Ed. 1105; Freeman v. Altvater, 8 Cir., 138 F.2d 854; Shicca-Del Mac, Inc., v. Milius Shoe Co., 8 Cir., 145 F.2d 389.

The judgment must be affirmed on the grounds both of laches and failure to prove that the error sought to be corrected by the reissue patent had "arisen by inadvertence, accident, or mistake."

Affirmed.