**DIEBOLD, Inc., et al. v. RECORD FILES, Inc.**

Civ. A. No. 27396.

United States District Court
N. D. Ohio, E. D.

July 3, 1953.

See also 11 F.R.D. 543.

Clayton A. Quintrell, Cleveland, Ohio, Warren H. F. Schmieding, Columbus, Ohio, Geo. H. Barnard and Marion F. Graven, Wooster, Ohio, for plaintiffs.

Richey & Watts, F. O. Richey, A. H. Edgerton, H. F. Schneider, Cleveland,

Ohio, Robert H. Critchfield, Wooster, Ohio, for defendants.

JONES, Chief Judge.

Defendant, Record Files Inc., moves to strike the supplemental complaint filed February 18, 1953; and further asks for dismissal of all portions of the complaint relating to the patent of Walter F. Regenhardt, No. 2,169,769. It asserts that the pertinent claims of Patent No. 2,169,769 are invalidated by an attempted but invalid disclaimer.

Facts respecting the disclaimer are set out in the supplemental complaint, and a copy of the disclaimer is attached thereto. The disclaimer is dated November 18, 1952, and the supplemental complaint reveals that it was published in the Official Gazette of the United States Patent Office on January 13, 1953.

Plaintiffs now seek to rely on Patent No. 2,169,769 as modified by the disclaimer.

It is contended by defendant that the law no longer permits a partial disclaimer as plaintiffs have attempted; that it allows only a disclaimer of complete claims. Defendant in this respect relies upon new Title 35 U.S.C.A. § 253 (the Patent Codification Act), and the decision of the United States Supreme Court in Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332, among others.

Defendant also asserts insufficiency and invalidity of the disclaimer because the disclaimer oath contains no recitation of facts to support the conclusion that it was through "inadvertence, accident or mistake" and "without deceptive intention" that the inventor claimed too broadly.

■ The application of the Patent Codification Act to pending suits and suits on unexpired patents instituted after January 1, 1953, its effective date, must depend upon the particular section of the Act invoked and whether the facts giving rise to a new claim or defense under the Act occurred after its effective date. While it is true that there are expressions of opinion in the decisions of the courts and in the legislative history that the Act was intended to be a codification, only, of the existing law (see Thys Co. v. Oeste, D.C., 111 F.Supp. 665; New Wrinkle, Inc., v. Watson, D.C.Cir., 206 F.2d 421, cited by defendant,) it also is clear that some substantive changes were enacted by the Congress.

Section 253 relating to disclaimers and now under consideration is one instance of such change. See Reviser's note under this Section, and Section 1.321, amended Rules of Practice of the U. S. Patent Office, 35 U.S.C.A.Appendix. Thus, under the new Section only a claim "as a whole" may now be disclaimed.

■■ This change in the law relating to disclaimers cannot benefit the present defendant, howover, for the disclaimer in this case was filed under the old statute. The constitutional principle of due process prohibits the retroactive application of the new statute and a resultant invalidation of the plaintiffs' patent claims.

This conclusion is not inconsistent with earlier views respecting the application of the Patent Codification Act expressed in Dazian's, Inc. v. Switzer Bros., Inc., D.C., 14 F.R.D. 244. There the claims of infringement under the new Act were based at least in part upon facts arising after the effective date of the Act. Further, it was not entirely clear whether the section of the Act relied upon had enacted any substantive change in the law. In such circumstances, the court was willing to allow the pleading of the new claims, subject to later attack as to their sufficiency at the trial or upon motion seasonably filed. The circumstances of that case are not here present.

To show that the new Act should apply, defendant argues that partial disclaimers were invalidated by the United States Supreme Court in Milcor Steel Co. v. George A. Fuller Co., supra; that this has been the law ever since; and that the new Act merely restates existing law.

Defendant overlooks, however, the evidence of an intention to change the law as disclosed by the Codification Act and its

history, and, I think, misconstrues prior decisions.

Disclaimer of only a part of a claim does not always and inevitably result in an alteration of the claimed invention, and such disclaimers have been upheld by the courts. See Van Wormer v. Champion Paper & Fibre Co., 6 Cir., 129 F.2d 428; Cincinnati Rubber Mfg. Co. v. Stowe-Woodward, Inc., 6 Cir., 111 F.2d 239; E. W. Bliss Co. v. Cold Metal Process Co., D.C.N.D.Ohio, 47 F.Supp. 897; but cf. Milcor Steel Co. v. George A. Fuller Co., 2 Cir., 122 F.2d 292.

The decision by the United States Supreme Court in Milcor Steel Co. v. George A. Fuller Co., supra, did not turn upon whether the disclaimer was a disclaimer of part of a claim or of a complete claim. The test of validity has always been whether the disclaimer changes the character of the claimed invention. Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005; Hailes v. Albany Stove Co., 123 U.S. 582, 8 S.Ct. 262, 31 L.Ed. 284. A patentee may not by a disclaimer "extend his claims", or "introduce a new element into his claims", or otherwise alter his claims and thereby obtain the benefit of a reissue. Milcor Steel Co. v. George A. Fuller Co., supra.

Decision as to whether the disclaimer in this case falls within the prohibition of the Milcor case, or is otherwise invalid, must await the orderly presentation of proofs at the trial. The scope of the claims of the patent must be developed fully before the effect of the disclaimer can be seen and appreciated.

Little need be added with reference to defendant's attack upon the disclaimer oath. The rule of the Patent Office does not require a recitation of facts in the oath. The existence of "inadvertence, accident, or mistake" is a question of fact (Walker on Patents, Deller's Edition, Section 283 at page 1289) which also must be determined upon proof at the trial.

The motion to strike and to dismiss will be denied.