**DAVIES–YOUNG SOAP COMPANY,**
**Appellant,**

v.

**NU–PRO MANUFACTURING COMPANY, Appellee.**

**No. 16173.**

United States Court of Appeals
Eighth Circuit.

Dec. 21, 1959.

Harry A. Toulmin, Jr., Dayton, Ohio, for appellant.

Lawrence H. Cohn, St. Louis, Mo., for appellee.

Before GARDNER and VOGEL, Circuit Judges, and MICKELSON, District Judge.

VOGEL, Circuit Judge.

This appeal arises out of a suit brought by the appellant, The Davies-Young Soap Company, against the appellee, Nu-Pro Manufacturing Company, for patent infringement. The District Court, Judge Harper presiding, found it unnecessary to determine the question of infringement as it held appellant's patent invalid on the grounds that it lacked novelty and invention and because "* * * it fails particularly to point out and distinctly to claim the subject matter regarded as the invention". Judgment was accordingly entered for the appellee, from which result appellant appeals.

Appellant is the assignee of United States Letters Patent No. 2,729,576, granted to Ralf B. Trusler on January 3, 1956, entitled "Method of Dry Cleaning Fabric and Simultaneously Rendering the Same Antistatic". The object to be accomplished by rendering clothes antistatic was to prevent them from attracting lint and dirt and from adhering to the bodies of their wearers. The patent contained a single claim covering,

"The method of dry cleaning fabrics and clothing and simultaneously rendering the same antistatic, which comprises washing the fabric and clothing with dry cleaning solvent having from 0.2% to 10% by weight of a detergent dissolved therein, and then rinsing the fabric and clothing with a dry cleaning solvent having from 0.02% to 5.0% by weight of an antistatic agent dissolved therein, the antistatic agent being applied to the fabric and clothing in the presence of detergent carried thereby from the washing."

Appellant profited from the patented process by manufacturing and marketing a solution known as BUCKEYE CLEAN-CHARGE which, when used in accordance with stated directions, contained amounts of detergent and anti-static agents falling within the patent percentages and produced the desired anti-static condition.

As early as May, 1952, appellee compounded and marketed a dry cleaning detergent, known as CHARGIT, which, according to appellant's own testimony and exhibits, was also used in a manner so as to contain amounts of detergent and anti-static agents coming within the percentage ranges specified in the patent claim. Appellant, however, in order to avoid the defense that its patent has been anticipated by prior art, contends that this use of CHARGIT is immaterial because, again according to its own tests, the solution was nonetheless still not used in amounts sufficient to render the garments cleaned with it permanently anti-static. These facts alone compel a finding that appellant's patent was invalid.

35 U.S.C.A. § 112 sets forth the requirements for a patent application and concludes by stating:

"The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."

Appellee's product, CHARGIT, clearly conformed to the directions of the patent claim, yet admittedly it failed to achieve the result of the alleged invention. Manifestly, then, the claim does not meet the statutory requirement of fully stating the process which appellant claims to be its invention. United Carbon Co. v. Binney & Smith Co., 1942, 317 U.S. 228, 63

S.Ct. 165, 87 L.Ed. 232; Standard Brands v. National Grain Yeast Corp., 1939, 308 U.S. 34, 60 S.Ct. 27, 84 L.Ed. 17; L. L. Antle & Co. v. Genovese, 8 Cir., 1957, 245 F.2d 215; Standard Oil of California v. Tide Water Associated Oil Co., 3 Cir., 1945, 154 F.2d 579.

Appellant seeks to avert this conclusion of invalidity by contending that:

"Dr. Trusler's contribution was not simply dumping a quantity of an antistatic agent in with the solvent and detergent in the washer, but it involved consideration and reconciliation of a number of requirements for the detergent and antistatic agent, * * *",

which assertion is followed by a list of some five additional elements of the patented process, all of which are allegedly stated in detail in the patent specifications. These include the condition that the detergent be "compatible" with the anti-static agent, that both be soluble in hydrocarbon and chlorinated solvents, that the anti-static agent be capable of being absorbed by the fabric fibres so that it will not be rinsed off by the solvent and detergent, and that the anti-static agent not be adversely affected by heat nor, itself, have any adverse effect on the color or character of the fibres. However, even assuming that these added requirements, when considered along with the rest of the patent, do accurately and adequately describe alleged inventive process, the patent must still fall short of validity.

■ It is well established that the claim, and not the specifications, is the measure of the inventive monopoly and deficiencies of the former cannot be cured by any terms of the latter. Altoona Publix Theatres v. American Tri-Ergon Corp., 1935, 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005; Freedman v. Friedman, 4 Cir., 1957, 242 F.2d 364; Aluminum Co. of America v. Thompson Products, 6 Cir., 1941, 122 F.2d 796; In re Cresswell, 1951, 187 F.2d 632, 38 CCPA 917; Application of Custer, 1949, 173 F.2d

226, 36 CCPA 927, In re Gillis, 1939, 102 F.2d 902, 26 CCPA 1086; Belden v. Air Control Products, D.C.W.D.Mich.1956, 144 F.Supp. 248; Flakice Corp. v. Liquid Freeze Corp., D.C.N.D.Cal.1955, 130 F. Supp. 471. Thus, in Graver Tank & Mfg. Co. v. Linde Air Products Co., 1949, 336 U.S. 271, 276–277, 69 S.Ct. 535, 538, 93 L.Ed. 672, the Supreme Court of the United States stated:

"The difference between the District Court and the Court of Appeals as to these findings comes to this: The trial court looked at claims 24 and 26 alone and declined to interpret the terms 'silicates' and 'metallic silicates' therein as being limited or qualified by specifications to mean only the nine metallic silicates which had been proved operative. The District Court considered the claims therefore were too broad and comprehended more than the invention. The Court of Appeals considered that because there was nothing in the record to show that the applicants for the patent intended by these claims to assert a monopoly broader than nine metallic silicates named in the specifications, the court should have construed the claims as thus narrowed and limited by the specifications.

"The statute makes provision for specification separately from the claims and requires that the latter 'shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery.' * * * It would accomplish little to require that claims be separately written if they are not to be separately read. While vain repetition is no more to be encouraged in patents than in any other documents, and claims like other statements may incorporate other matter by reference, their text must be sufficient to 'particularly point out and distinctly claim' an identifiable invention or discovery. We have frequently held that

it is the claim which measures the grant to the patentee. See, for example, Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 145, 62 S. Ct. 969, 970, 86 L.Ed. 1332; General Electric Co. v. Wabash Appliance Co., 304 U.S. 364, 369, 58 S.Ct. 899, 901, 82 L.Ed. 1402; Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 487, 55 S.Ct. 455, 459, 79 L.Ed. 1005. While the cases more often have dealt with efforts to resort to specifications to expand claims, it is clear that the latter fail equally to perform their function as a measure of the grant when they overclaim the invention. When they do so to the point of invalidity and are free from ambiguity which might justify resort to the specifications, we agree with the District Court that they are not to be saved because the latter are less inclusive."

Similarly, in General Electric Co. v. Wabash Appliance Corp., 1938, 304 U.S. 364, 374–375, 58 S.Ct. 899, 904, 82 L.Ed. 1402, the court held a patent invalid on its face, after first observing that:

"Finally, the product claims may not be saved by a limitation to products produced in accordance with the process set out in the specification. * * * unless the claim uses language explicitly referring to the method of preparation, or describing the product in phrases suggestive of that process, to save the product claim in this fashion would constitute an improper importation into the claim of a factor nowhere described there. The claims in suit seek to monopolize the product however created, and may not be reworded, in an effort to establish their validity, to cover only the products of the process described in the specification, or its equivalent."

The trial court having correctly found appellant's patent invalid by reason of the indefiniteness of its claim, it is unnecessary for this court to consider whether or not appellant's claimed invention was anticipated by prior art or publication. The judgment of the court below is, therefore, affirmed.