**Brooks WALKER, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a corporation, Les Vogel Chevrolet Company, a corporation, and John Doe Company, a corporation, Defendants.**

**Civ. No. 40170.**

United States District Court
N. D. California, S. D.
Nov. 27, 1963.

A. Donham Owen, Roger W. Erickson, San Francisco, Cal., for plaintiff.

Naylor & Neal, James M. Naylor, Frank A. Neal, San Francisco, Cal., for defendants.

ZIRPOLI, District Judge.

This is an action for patent infringement. Defendants' motion for summary judgment is made on the ground that plaintiff's patent is invalid because it was anticipated by the prior art. Plaintiff's patent, filed on April 23, 1936, makes three claims that are relevant here:

"The invention claimed is:

"1. In an automobile including a body supported on wheels, fenders for said wheels at least one whereof has a side extended downwardly forming a skirt, and has a tank wholly contained therein behind said skirt and of a width substantially equal to the width of the fender.

"2. In an automobile including a body supported on wheels, fenders for said wheels at least one whereof has a side extended downwardly forming a skirt, and has a tank wholly contained therein behind said skirt and of a width substantially equal to the width of the fender; and a partition in said one fender interposed between the tank and the associated wheel.

"3. In an automotive vehicle including a body supported on wheels, fenders on said wheels at least one whereof has a side extended downwardly forming a skirt, and a liquid tight compartment of a width substantially equal to the width of the fender secured within said fender and wholly contained in said fender behind said skirt."

The prior art is an article appearing in the French magazine "Auto-Carrosserie", which was published in January-February 1932 and filed in the Patent Office Library March 11, 1932. This article describes an automobile with a gasoline tank located in the fender.

The issue on this motion is whether there is any genuine issue of fact requiring a trial. As stated by the Ninth Circuit in Cee-Bee Chemical Co. v. Delco Chemicals, Inc., 263 F.2d 150:

"What the prior art was and what the patentee did to improve upon it are questions of fact. Whether what the patentee did is properly to be classified as an invention is a question of law. Bergman v. Aluminum Lock Shingle Corp. of America, 9 Cir., 251 F.2d 801, concurring opinion by Judge Pope. If there were here no genuine issues as to material fact concerning prior art and the teaching of the Whitcomb patent, the trial court's conclusion that Whitcomb lacked invention would involve only a question of law which could be decided by summary judgment."

As seen below, there are no genuine issues of fact as to the prior art or what plaintiff did to improve upon it. Therefore, the case involves only a question of law and can be decided by summary judgment.

The nature of the invention is measured by the words of the claim and not the intention of the applicant. As stated in Walker on Patents, § 450, p. 1681:

"The patented invention is not everything disclosed within the 'four corners' of the patent; for many ideas or concepts are disclosed and suggested by the specification and drawings which are not protected by the patent. Strictly speaking, infringement of a patent is an erroneous phrase; what is infringed are the claims of the patent which 'measure the invention' and define precisely what the invention is, and the limits beyond which one cannot pass

without infringing; therefore it is to the claims of the patent to which one must look to determine whether there is an infringement."

When the patentee makes a broad claim, he must show that no specific application of the broad claim has been anticipated by the prior art. In the words of Judge Learned Hand in Foxboro Co. v. Taylor Instrument Co., 2 Cir., 157 F.2d 226:

" * * * A patentee who claims broadly must prove broadly; *he may not claim broadly, and recede as he later finds that the art unknown to him has limited his invention.* That is the chance he must take in making broad claims; if he has claimed more than he was entitled to, the statute does give him a locus poenitentiae, but he must seasonably disclaim the broad claims in toto. He may not keep them by interpretative limitation; he must procure new claims by reissue. This is the significance of Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332." (emphasis supplied)

Walker, by his affidavit, attempted to show that his invention is more limited than would appear from the claim. But Walker finds himself in the trap suggested by Judge Hand. He has claimed broadly, but the prior art unknown to him fits within the broad claim. Walker's affidavit must be disregarded because most of it deals with infringement and not validity, and because the invention is described by the claim rather than Walker's declarations of what he intended as his invention.

Walker also filed an affidavit of Adele Herrmann, a translator, which challenges the official Patent Office translation of the French article. She states that the reference to a gasoline supply should read "a reserve gasoline supply". But even if the Herrmann translation is correct, the generality of Walker's claim includes the possibility of a reserve tank. The Herrmann affidavit fails to raise a genuine issue of fact because the difference in the translations could not affect the result.

The French publication satisfies the definition of Claims 1 and 2 of "a tank wholly contained therein behind said skirt and of a width substantially equal to the width of the fender", and the definition of Claim 3 calling for:

"a liquid tight compartment of a width substantially equal to the width of the fender secured within said fender and wholly contained in said fender behind said skirt."

The French article, according to the Herrmann translation, states:

"The rear portions of the also concentrical and enveloping rear fenders are arranged to form tanks: the tank provided on the one side contains a reserve gasoline supply * * *."

Moreover, the drawings in the French article demonstrate that the tanks are wholly contained behind the skirt and of a width substantially equal to the width of the fender.

The reference in Claim 2 to "a partition in said one fender interposed between the tank and the associated wheel" is also found in the French article. The article states:

"In order to avoid accidental perforation of the tank bottom while the car is travelling and the risk of flying rocks hurled by the rotating tires, *it will be necessary to introduce a protective bottom* made either of sheet metal or a grating screwed on supports P and P' (Fig. 2) fixed to the fender and consisting of angle members." (emphasis supplied)

Since no genuine issue of fact is presented by the record, and since the Court is convinced that Walker's invention, as described by his claim, was also decribed in the prior French article, the motion for summary judgment is granted. Counsel for defendants shall submit findings of fact and conclusions of law and an appropriate judgment.