Anthony J. ANTONIOUS, Plaintiff-Appellant, Cross-Appellee,

v.

PROGROUP, INC., Defendant-Appellee, Cross-Appellant.

Nos. 82–5192, 82–5221.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1982.

Decided Feb. 15, 1983.

Rehearing Denied March 28, 1983.

George W. Carpenter, Leitner, Warner, Owens, Moffitt, Williams & Dooley, Chattanooga, Tenn., G. Franklin Rothwell, Bernard, Rothwell & Brown, Washington, D.C., for plaintiff-appellant, cross-appellee.

John R. Seymour, Stophel, Caldwell & Heggie, Chattanooga, Tenn., Richard H. Evans [lead counsel], Wood, Herron & Evans, Gregory J. Lunn, Cincinnati, Ohio, for defendant-appellee, cross-appellant.

Before KENNEDY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Appellant Antonious, the inventor of a patent for an athletic glove, appeals from a judgment notwithstanding the verdict in this jury-tried patent infringement action.

Antonious, the owner of U.S. Patent No. 3,588,917, asserts that ProGroup's sales of certain velcro fastened golf gloves infringe claims 1, 2 and 9 of his patent. In addition to a general denial, ProGroup asserts inval- idity for a number of reasons including failure to adequately claim the linchpin of the invention, the location of the flexible fastening tab on the back of the glove in line with the butt of the palm of the hand, and obviousness. The case was tried before a jury on the issues of invalidity, infringement, estoppel and damages. The jury returned sequential verdicts finding: 1) that the patent was valid, in which the adequacy of the claim and the obviousness determination were subsumed; 2) that ProGroup infringed the patent; 3) that ProGroup did so willfully; 4) that Antonious was not estopped by his delay in filing suit from asserting infringement against ProGroup; and 5) that Antonious was entitled to compensatory damages in the sum of $141,000. In view of the jury's finding that ProGroup willfully infringed Antonious' patent, the District Court trebled the jury's award of compensatory damages and awarded attorney's fees. Subsequent to the entry of the judgment, ProGroup filed motions for a judgment notwithstanding the verdict, remittitur or for a new trial. The District Court granted the judgment notwithstanding the verdict. Specifically, the District Court found the patent invalid for reasons of obviousness under 35 U.S.C.A. § 103 and found that Antonious did not claim his invention with sufficient particularity under 35 U.S.C.A. § 112. Antonious appealed. We affirm, holding that Antonious did not claim his invention with sufficient particularity under 35 U.S.C.A. § 112 because he did not claim the critical location of the velcro fastener, and because the combination of the remaining elements is obvious. 35 U.S.C.A. § 103.

## I. The Invention

The invention described in the Antonious patent is an athletic glove, embodied in a golf glove. Antonious alleges that his invention provides skin-tight tautness across the palm of the hand which results in better protection for the wearer's hand and better gripping of a golf club. Antonious asserts that the five main features or elements of his invention are: 1) a deep vent; 2) a velcro fastener; 3) the location of the velcro

fastener on the back of the glove in line with the butt of the palm of the hand; and 4–5) a first and second elastic means. It is the unique location of the velcro fastener and the combination of the five features or elements which achieve the desired skin-tight tautness across the palm of the hand of the glove.

Claim 1 is the broadest claim of the Antonious patent. What is claimed is:

An athletic glove comprising a hollow flexible body member having front and back portions; stalls for at least four fingers of the wearer projecting from the body member; the back portion being provided with an opening extending from the end of the body member to approximately the stalls; first elastic means located in the back portion between the glove stalls and the opening; *a flexible fastening tab extending from one edge of the opening; a complementary fastener located adjacent the opposite edge of the opening on the back portion,* and second elastic means in conjunction with the back portion adjacent to the flexible fastening tab. (emphasis added)

Claims 2 and 9 are also alleged to be infringed by ProGroup's actions. Claim 2 claims: "[A]n athletic glove as in claim 1, where the opening is approximately triangular, having its base extending along the end of the glove body member." Claim 9 reads: "[A]n athletic glove as in claim 1, where the second elastic means is attached to the back portion and the *flexible fastening tab is attached directly to the back portion.*" (emphasis added) The claims thus are silent as to the placement of the fasteners with respect to the wrist or knuckles.

Antonious seeks to limit his claim to fasteners located on the back of the glove in line with butt of the palm of the hand by reading the claims in the light of the specification. In the "Description of the Preferred Embodiment," in the discussion of Figure 11, the specification states that "[T]he location of the fastener just below the knuckles ensures the positioning of the forces across the base of the palm and the base of the fingers ...." The specification also teaches that "the glove is designed to permit use of Velcro fasteners which can, for example, be in the form of a tab on one side of the vent and a complementary portion on the exterior surface of the other side of the vent," that "the deep vent opening 12 can be approximately closed by a fastener 15," that "the unique combination of the elastic means and the closing means provides a taut fit through the fingers and across the palm portion of the glove" and describes a glove "with the vent closed by the Velcro fasteners to position the glove tautly on the hand." Figures 1, 2, 3, and 11 of the drawings show the location of the velcro fastener to be on the back of the glove just below the knuckles. Figure 3 shows two fasteners, one at the wrist.

An examination of the file wrapper reveals that Antonious never specified to the Patent Office that the location of the flexible velcro fastener was to be on the back of the glove in line with the butt of the palm of the hand or just below the knuckles. Use of the same descriptive language as in claim 1, "back portion of the glove," is the only language of location present in Antonious' filings and communications with the Patent Office.

■ It is conceded by Antonious that four of the five features or elements which he contends are essential to the patent were old and existed in prior athletic glove art. These elements are the deep vent, flexible velcro fastener and first and second elastic means. Antonious asserted, and the District Court found, that the single element now proffered by Antonious which is not specifically disclosed in the prior art was the location of the flexible velcro fastener on the back of the glove in line with the palm of the hand or just below the knuckles rather than at the wrist. We agree with the District Court that this crucial element, location, was not adequately claimed in the Antonious patent.

## II. Definiteness and Particularity of Claims

■ An invention is measured by its claims and not by the specification. *Philips*

Industries, Inc. v. State Stove & Manufacturing Co., 522 F.2d 1137, 1140 (6th Cir.1975); Minnesota Mining & Manufacturing Co. v. Kent Industries, Inc., 409 F.2d 99, 101 (6th Cir.1969). 35 U.S.C. § 112 states: "The specification shall conclude with one or more claims *particularly pointing out* and *distinctly claiming* the subject matter *which the applicant regards as his invention."* (emphasis added) The standard of definiteness is one of reasonableness under the circumstances. *Charvat v. Commissioner of Patents,* 503 F.2d 138, 147–51 (D.C.Cir. 1974); *Georgia-Pacific Corp. v. United States Plywood Corp.,* 258 F.2d 124, 136 (2d Cir.1958). The teachings of the prior art and the nature of the particular invention are to be considered in determining whether the claims meet the statutory requirement of definiteness and particularity. *In re Moore,* 439 F.2d 1232, 1235 (Cust. & Pat.App.1971). Although the Supreme Court has never articulated a single standard for indefiniteness, the Court has consistently maintained that the primary purpose of claim language is to give fair notice of what will constitute infringement. *United Carbon Co. v. Binney & Smith Co.,* 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232 (1942).

The claims of a patent measure the grant to the patentee. Out of all possible permutations of elements which can be made from the specification, a patentee reserves for himself only those contained in his claims. *Milcor Steel Co. v. George A. Fuller Co.,* 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332 (1942). Although the claims of a patent must be read in light of the specification, *see United States v. Adams,* 383 U.S. 39, 49, 86 S.Ct. 708, 713, 15 L.Ed.2d 572 (1966), specific elements absent in the claims, may not be inferred by reference to the specification. *Philips, supra,* 1140. Narrow limitations contained in the specification cannot be inferred in the claims where the elements not set forth in the claims are the linchpin of patentability and where the patentee obtains the allowance of claims of broad scope when the clear language of these claims reads on prior art. *Id. See also Permutit Co. v. Graver Corp.,* 284 U.S. 52, 52 S.Ct. 53, 76 L.Ed. 163 (1931)

(patent invalid for failure to distinctly claim "free" bed feature); *General Electric Co. v. Wabash Appliance Corp.,* 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402 (1938) ("comparatively large grains" claim invalid for indefiniteness).

This case is factually indistinguishable from *Philips* in that both cases involve situations where specific limitations contained in the specifications are the key to patentability and these limitations are absent in the claims. In this case the location of the flexible fastening tab on the back of the glove in line with the butt of the palm of the hand or just below the knuckles is absent in the claims. It is just this location of the flexible fastening tab, in combination with the other elements, which produces the skin-tight tautness that distinguished Antonious' gloves from others on the market. As such, location is the linchpin of the invention within the contemplation of Antonious as the inventor and within the meaning of *Philips.* Antonious' claim, that the flexible fastener is located on the "back portion of the glove" extending from "one edge of the opening" to the other, does not provide a reasonable limit to his claim and is not as precise as the subject matter permits. *Compare Norton Co. v. Bendix Corp.,* 449 F.2d 553 (2d Cir.1971) (language in claim not as precise as it could have been) and *Georgia-Pacific, supra* (nature of invention and variable involved precluded more definite claim). This latter conclusion must be reached because of the importance of the location of the flexible fastener and the fact that Antonious was, in fact, able to clearly and concisely describe its precise location in the specification. Accordingly, under this Court's decision in *Philips,* there is no language in the claims from which the location of the flexible fastener on the back of the glove in line with the butt of the palm or just below the knuckles can be inferred. Antonious has not clearly set forth the area over which he seeks exclusive rights.

With regard to the determination under 35 U.S.C.A. § 103, it is conceded that if the

unique location of the flexible fastening tab is eliminated as a viable part of the claim, the combination of the remaining elements is obvious.

The judgment of the District Court is affirmed.